UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80748-BLOOM/Reinhart

DANIEL HALL, BURFORD CAPITAL LLC,
DUNDROD INVESTMENTS, LTD.,

    Plaintiffs,

v.

HARRY SARGEANT, III,

    Defendant.
_____/

## SEALED ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Emergency Ex Parte Motion for Entry of Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law, ECF No. [9] ("Emergency Motion"), filed on June 11, 2018.  On June 8, 2018, Plaintiffs filed this action against Defendant Harry Sargeant, III ("HS3").  ECF No. [1].  The case was assigned to the Honorable Donald M. Middlebrooks.  ECF No. [2].  However, based on Plaintiffs' Notice of Related Action, ECF No. [6], which indicated that this action is related to an action previously before this Court, *Harry Sargeant, III v. Maroil Trading, Inc., et al.*, Case No. 17-81070 ("*Maroil* Action"), this case was transferred to the undersigned on June 13, 2018.  ECF No. [12].

The Court has reviewed the Emergency Motion.  On the outset, the Court notes that Emergency Motion, while accompanied by the required Certification of Emergency, ECF No. [9-3], fails to articulate a true emergency.  Plaintiffs seek a temporary restraining order preventing Defendant from potentially filing an action in state court, but articulate no reason why the Emergency Motion is properly filed for emergency treatment by this Court.

Case No. 18-cv-80748-BLOOM/Reinhart

Plaintiff correctly articulates the required standard on a temporary restraining order, noting that they must demonstrate that "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Plaintiffs first argue that there is a risk of irreparable harm if Defendant HS3, the Plaintiff in the *Maroil* Action, files a state court action against Plaintiffs here because once such action is filed, this Court may not stay that action under the Anti-Injunction Act. ECF No. [9] at 9–10 (citing 28 U.S.C. § 2283). However, Plaintiffs articulate no reason why the prohibition against staying any potential suit by Defendant in state court would cause irreparable harm to Plaintiffs. Thus, on this prong alone Plaintiffs have failed to meet their burden on the Emergency Motion.

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. The Emergency Motion, ECF No. [9], is **DENIED.**
2. The **SEAL CLERK** shall **UNSEAL** ECF No. [9] and this Order.
3. Plaintiffs shall forthwith **SERVE** the Complaint upon Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of June, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record