UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-80748-BLOOM/Reinhart

DANIEL HALL, BURFORD CAPITAL, LLC
and DUNDROD INVESTMENTS, LTD.,

      Plaintiffs,

v.

HARRY SARGEANT, III,

      Defendant

_____/

**NON-PARTIES, DANIEL SARGEANT, ASPHALT SERVICES, LLC, SARGEANT
BULK ASPHALT, INC., SARGEANT BULKTAINERS, INC., SARGEANT MARINE,
INC., SARGEANT TRADING, LTD. CO., TRIGEANT, LLC, TRIGEANT, LTD., AND
TRIGEANT HOLDINGS, LTD.'S MOTION TO QUASH OR FOR A PROTECTIVE
ORDER AND OBJECTIONS TO SUBPOENAS *DUCES TECUM* AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Non-Parties, Daniel Sargeant, Asphalt Services, LLC, Sargeant Bulk Asphalt, Inc.,

Sargeant Bulktainers, Inc., Sargeant Marine, Inc., Sargeant Trading, Ltd. Co., Trigeant, LLC,

Trigeant, Ltd., and Trigeant Holdings, Ltd. (the entities are collectively the "Sargeant Affiliates"

and, with Daniel Sargeant, all are the "Sargeant Non-Parties"), respectfully move to quash or for

entry of a protective order pursuant to Rule 26(c) and Rule 45(d) of the Federal Rules of Civil

Procedure regarding subpoenas *duces tecum* served by Defendant, Harry Sargeant III ("HS3"), file

their objections and limited responses to the subpoenas, and submit this incorporated memorandum

of law in support:

<u>**Introduction and Background**</u>

The Sargeant Family and HS3 (a son in the Sargeant Family) have been continually

embroiled in very time-consuming, expensive and acrimonious litigation in multiple courts around

the country. Not content to allow this case to develop without embroiling his family yet again, HS3 has issued nine (9) overly broad Subpoenas *Duces Tecum* (the "Subpoenas") on his brother, Daniel Sargeant, and entities affiliated with Daniel Sargeant and HS3's father, Harry Sargeant, Jr.

Most of the requests are so blatantly over broad they are pure harassment to the <u>non-parties</u>. By way of example, many of the Sargeant Non-Parties had nothing to do with and have no relation to the allegations in the Complaint or Counterclaim. HS3 asks for "all documents" concerning communications between certain persons and/or entities, *not limited by subject matter*, from November 2014 to the present. Other requests seek documents over a lengthy, seven-year period (January 1, 2010 to January 1, 2017), such as all documents regarding corporate records, lists of all employees, and copies of all employee agreements. The incredibly overbroad, disproportionate and objectionable Subpoenas issued to the Sargeant Non-Parties by HS3 are part of HS3's continuing campaign to unduly burden and harass the Sargeant Non-Parties. Documents central to the Subpoenas have been produced to HS3.

As the Court may recall, in the prior, related action, *Harry Sargeant, III v. Maroil Trading, Inc., Sea Pioneer Shipping Corporation, Wilmer Ruperti Pedromo, Daniel Sargeant, Daniel Hall, and Andrew Preston*, Case No. 9:17-cv-81070-BLOOM/Hopkins, U.S. District Court, Southern District of Florida, HS3 also served overbroad, irrelevant and disproportionate written discovery. On June 1, 2018, after multiple rounds of written briefs and argument before the Magistrate, the Magistrate entered an Order Memorializing Court Rulings at Discovery Hearing and Setting Deadlines (the "Discovery Order"). A copy of which is attached as **Exhibit A**. The Discovery Order should control HS3's fishing expedition.

The Discovery Order materially limited discovery both in terms of subject matter and time frame (<u>January 1, 2016 through February 20, 2018</u>). Dissatisfied with the Court's ruling (and the

Magistrate's Report and Recommendation on Defendants' Motions to Dismiss, dated May 30, 2018), on June 4, 2018, HS3 voluntarily dismissed the prior action.

Thereafter, in response to the June 8, 2018 filing of the present action by Plaintiffs, HS3 forum-shopped by suing in Palm Beach County Circuit Court on June 21, 2018 against Daniel Sargeant, Latin American Investments, Ltd., Andrew Preston and Daniel Hall. The Palm Beach Circuit Court Judge stayed HS3's state court action on October 15, 2018 because of the prior-pending nature of the present action. HS3 appealed to the Fourth District Court of Appeal. On June 21, 2018, the Fourth District upheld the stay of HS3's state court action by denying HS3's petition for writ of certiorari.

## Legal Standard

Non-parties are not subject to the same discovery obligations as actual parties to a litigation. When discovery is sought from a non-party, "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Fears v. Wilhelmina Model Agency, Inc.*, 02 CIV. 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004) (citations omitted); *see Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 521 (W.D. Tenn. 1999); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). While a non-party is not relieved of obligations to respond to a proper discovery request, "a non-party to an underlying litigation [is] entitle[d] ... to consideration regarding the convenience and expense of complying with a subpoena for discovery." *Tidwell-Williams v. Nw. Georgia Health Sys., Inc.*, 1:97-CV-1726A-JEC, 1998 WL 1674745, at *7 (N.D. Ga. Nov. 19, 1998) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996)). The case law regarding non-party discovery "reveals a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth

of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information." *Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985)).

The scope of permissible discovery through a subpoena is congruent with the scope of discovery under Rule 26. *See Atwell v. City of New York*, 07 CIV. 2365 (WHP), 2008 WL 5336690, at *1 (S.D.N.Y. Dec. 15, 2008) ("Rule 45 requests for production are subject to the limits on discovery under Rules 26 and 34."); *accord Am. Fed'n of State, County & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011). However, Rule 45 contains significantly broader protections for non-parties than parties.

Most prominently, under Rule 45(d), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A subpoena that fails to take such steps "must" be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). And the Court "must" impose sanctions on the party or its attorney who fails to comply. *See* Fed. R. Civ. P. 45(d)(1). By their face and in consideration of the existing Discovery Order, the Subpoenas fail to take any steps to impose undue burden or expense on the Sargeant Non-Parties and could be quashed on that single basis.

A subpoena is overbroad and improper if it seeks documents or information that is irrelevant or not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) (permitting party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, 07 CIV. 3219 PKC DF, 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012) ("As discovery under the Federal Rules is limited in scope to that which is 'relevant to any party's claim or

defense,' the court may also quash or modify a subpoena that calls for irrelevant information.")
(citation omitted); *accord Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*, 15-CIV-24363, 2018
WL 1456614, at *4 (S.D. Fla. Mar. 23, 2018) ("Although Rule 45 does not identify irrelevance or
overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a
subpoena the same as the scope of discovery under Rule 26."). The proportionality principle sets
boundaries on discovery consonant with "the importance of the issues at stake in the action, the
amount in controversy, the parties' relative access to relevant information, the parties' resources,
the importance of the discovery in resolving tire issues, and whether the burden or expense of the
proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Moreover, the Court
"must quash or modify a subpoena that. . . requires disclosure of privileged or other protected
matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

<u>**The Non-Parties Did Not Waive Their Objections to the Subpoenas**</u>

HS3 is expected to argue the Sargeant Non-Parties waived any objections they may have
had to the Subpoenas because they did not assert such objections in a timely fashion. HS3's
argument should be rejected by the Court.

Courts within this circuit have indicated that a non-party waives objections not timely filed,
the issue of waiver does not end with this generalized pronouncement. *See e.g. In re Accutane
Products Liab. Litig.*, 8:04MD2523T30TBM, 2006 WL 1281598, at *1 (M.D. Fla. May 9,
2006) ("In unusual circumstances and for good cause, the failure to act timely may not bar
considerations of objections."). In fact, courts have held that a waiver does not exist when: (1) the
subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed
witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the
subpoenaing party were in contact concerning the witness' compliance prior to the time the witness

challenged the legal basis for the subpoena. *See Am. Standard Inc. v. Humphrey*, 3:06-CV-893-J-32MCR, 2007 WL 1812506, at \*4 (M.D. Fla. June 22, 2007) (no waiver where discovery requests were overbroad, no evidence of bad faith existed on the part of the non-parties; and defense counsel was not surprised or prejudiced by the non-parties asserted objections); *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136–37 (S.D. Ohio 1999) (no waiver where non-party did not act in bad faith, non-party continually cooperated with subpoenaed party's discovery requests, and ongoing communication existed between counsel concerning the non-party's objections); *Concord Boat Corp.*, 169 F.R.D. at 48 (no waiver where discovery requests were overly broad, the non-party's and plaintiff's respective counsel were in frequent communication prior to the non-party's assertion of objections, and non-party's status as such entitled it to consideration regarding the expense and inconvenience of the subpoena). Unusual circumstances and good cause are present in this case for several reasons.

Charles Lichtman, counsel for the Sargeant Non-Parties, engaged in numerous, on-going communications with counsel for HS3, Chris Kise, to attempt to reach a resolution regarding the Subpoenas. The resolution discussions were challenged by medical issues and out-of-state medical appointments required of Mr. Lichtman.

Most recently, on February 25, 2019, Mr. Kise informed Mr. Lichtman of a February 27, 2019 court deadline, which required HS3 to file a motion to compel today. Mr. Lichtman requested an extension of time to respond to the Subpoenas because he was and presently is out-of-state in day-long medical appointments. Mr. Kise would not accommodate the request.

The Sargeant Affiliates are willing to produce documents subject to reasonable search terms, time frames, and the scope in the Court's Order Memorializing Court Rulings at Discovery Hearing and Setting Deadlines (*See* Discovery Order), with the right to list privileged documents,

if any, on a privilege log. However, as demonstrated by the broad subpoena requests, stated below along with objections and responses, HS3 served the eight (8) Sargeant Affiliates each with twelve broad requests for production. The subpoena to Daniel Sargeant modifies the parties for certain requests and has a total of 20 requests, with broad definitions and scopes.

As shown by the 20 requests served on Daniel Sargeant, HS3 is seeking all communications involving at least eleven third-parties and sixteen Sargeant affiliates. Together, the Subpoenas seek to cover all employees, agents, and affiliates for at least nine non-parties. On their face, the Subpoenas are overly broad and unduly burdensome.

Daniel Sargeant and the Sargeant Affiliates respond to each request below to preserve their objections. The Sargeant Non-Parties reserve their right to amend their objections.

**Specific Objections/Responses to Daniel Sargeant Requests**

**1.     All documents concerning the HS3 Material including any communications between You and any third party concerning the HS3 Material, including but not limited to Dundrod, Hall, Andrew Preston, LAIL, Burford, Edward H. Davis, Jr., Rodrigo Da Silva, Worldspan Marine, Inc., Steven Barnett, Clyde & Co US, and Clyde & Co LLP.**

Objection and Response: Daniel Sargeant objects to Document Request number 1 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on search terms, Daniel Sargeant will produce responsive documents for the parties, time periods and scopes set forth in the Court's Discovery Order.

**2.     All documents concerning the publication/dissemination of the HS3 Material by You to any third party, including but not limited to Dundrod, Hall, Andrew Preston, LAIL, Burford, Edward H. Davis, Jr., Rodrigo Da Silva, Worldspan Marine, Inc., Steven Barnett, Clyde & Co US, and Clyde & Co LLP.**

Objection and Response: Daniel Sargeant objects to Document Request number 2 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product

doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**3.      All documents concerning communications between You and Burford.**

Objection and Response: Daniel Sargeant objects to Document Request number 3 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from party to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**4.      All documents concerning communications between You and Dundrod.**

Objection and Response: Daniel Sargeant objects to Document Request number 4 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from a party to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**5.      All documents concerning communications between You and Hall.**

Objection and Response: Daniel Sargeant objects to Document Request number 5 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from a party to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**6.      All documents concerning the Ruperti Material.**

Objection and Response: Daniel Sargeant objects to Document Request number 6 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records

custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**7.      All documents concerning settlement of the London Litigation.**

Objection and Response: Daniel Sargeant objects to Document Request number 7 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, confidentiality, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**8.      All documents concerning communications between You and Patrick Mooney.**

Objection and Response: Daniel Sargeant objects to Document Request number 8 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**9.      All documents concerning any communications between LAIL and Hall.**

Objection and Response: Daniel Sargeant objects to Document Request number 9 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**10.      All documents concerning any communications between LAIL and Burford.**

Objection and Response: Daniel Sargeant objects to Document Request number 10 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**11.     All documents concerning any communications between LAIL and Dundrod.**

Objection and Response: Daniel Sargeant objects to Document Request number 11 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**12.     All documents concerning any communications between Hall and Andrew Preston.**

Objection and Response: Daniel Sargeant objects to Document Request number 12 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**13.     All documents concerning any communications between Burford and Andrew Preston.**

Objection and Response: Daniel Sargeant objects to Document Request number 13 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**14.     All documents concerning any communications between Dundrod and Andrew Preston.**

Objection and Response: Daniel Sargeant objects to Document Request number 14 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, is not proportional to the needs of the case, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**15.     All documents from January 1, 2010 to January 1, 2017 concerning Your ownership, interest in, use, or maintenance of the Sargeant Server, as that term is defined in the Counterclaim Complaint, including service records, policies governing use of the server, and invoices concerning the Sargeant Server.**

Objection and Response: Daniel Sargeant objects to Document Request number 15 on the grounds that it is overly broad, burdensome, and harassing, and would require significant expense from a non-party. Sargeant further objects on the grounds that it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

**16.     Authorized user list for the Sargeant Server, as that term is defined in the Counterclaim Complaint.**

Objection and Response: Daniel Sargeant objects to Document Request number 16 on the grounds that it is burdensome and harassing.

**17.     All documents concerning your obtaining the HS3 Material from the Sargeant Server.**

Objection and Response: Daniel Sargeant objects to Document Request number 17 on the grounds that it is overly broad, burdensome, and harassing, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**18.     All documents concerning your accessing the HS3 Email Account, as that term is defined in the Counterclaim Complaint.**

Objection and Response: Daniel Sargeant objects to Document Request number 18 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, and would require significant expense from a non-party. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on records custodians and search terms, Daniel Sargeant will produce responsive documents for the time periods and scopes set forth in the Court's Discovery Order.

**19.     All documents concerning any sale or other transfer of ownership of the Sargeant Server including without limitation any such sale or transfer to the Vitol Group.**

Objection: Daniel Sargeant objects to Document Request number 19 on the grounds that it is burdensome and harassing and not relevant to any parties' claims or defenses. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

**20.**     **The following company records from January 1, 2010 to January 1, 2017 for the below listed Sargeant-affiliated entities: corporate records (including articles of incorporation, bylaws, resolutions, board minutes, share certificates, filings with the State of Florida, etc.; employee list; any employee handbook, policy manual, or similar document in effect; any employee agreement in effect:**

      a.   Trigeant Holdings, Ltd.;
      b.   Trigeant, LLC;
      c.   Trigeant, Ltd.;
      d.   Trigeant Holdings, LLC;
      e.   Claims Purchase Systems, Inc.;
      f.   Sargeant Marine, Inc.,
      g.   Sargeant Trading Ltd.;
      h.   Sargeant Bulktainers, Inc.;
      i.   Sargeant Bulk Asphalt, Inc.;
      j.   LAIL;
      k.   Global Asphalt Logistics and Trading, LLC;
      l.   Global Asphalt Logistics and Trading SAGL
      m.  Asphalt Carrier Shipping Company Limited;
      n.   Asphalt Java Sea Corp.;
      o.   Valt Asphalt, B.V.; and
      p.   Java Sea Navigation PTE, Ltd.

Objection and Response: Daniel Sargeant objects to Document Request number 20 on the grounds that it is overly broad, burdensome and harassing, would require significant expense from a non-party, and is not relevant to any parties' claims or defenses. Daniel Sargeant further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. The requested documents may also be confidential.

**[REST OF PAGE LEFT INTENTIONALLY BLANK]**

**Specific Objections/Responses to Sargeant Affiliates Requests**

**1.      All documents concerning the HS3 Material including any communications between You and any third party concerning the HS3 Material, including but not limited to Daniel Sargeant, Hall, Andrew Preston, LAIL, Burford, Edward H. Davis, Jr., Rodrigo Da Silva, Worldspan Marine, Inc., Steven Barnett, Clyde & Co US, and Clyde & Co LLP.**

Objection and Response: Each of the Sargeant Affiliates objects to Document Request number 1 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, and would require significant expense from non-parties. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on search terms, the Sargeant Affiliates will produce responsive documents for the parties, time periods and scopes set forth in the Court's Discovery Order.

**2.      All documents concerning the publication/dissemination of the HS3 Material by You to any third party, including but not limited to Daniel Sargeant, Hall, Andrew Preston, LAIL, Burford, Edward H. Davis, Jr., Rodrigo Da Silva, Worldspan Marine, Inc., Steven Barnett, Clyde & Co US, and Clyde & Co LLP.**

Objection and Response: Each of the Sargeant Affiliates objects to Document Request number 2 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, and would require significant expense from a non-party. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on search terms, the Sargeant Affiliates will produce responsive documents for the parties, time periods and scopes set forth in the Court's Discovery Order.

**3.      All documents concerning communications between You and Burford.**

Objection and Response: Each of the Sargeant Affiliates objects to Document Request number 3 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, and would require significant expense from a non-party. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on search terms, the Sargeant Affiliates will produce responsive documents for the parties, time periods and scopes set forth in the Court's Discovery Order.

**4.      All documents concerning the Ruperti Material.**

Objection and Response: Each of the Sargeant Affiliates objects to Document Request number 4 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily

available from parties to this litigation, and would require significant expense from a non-party. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on search terms, the Sargeant Affiliates will produce responsive documents for the parties, time periods and scopes set forth in the Court's Discovery Order.

**5.      All documents concerning settlement of the London Litigation.**

Objection and Response: Each of the Sargeant Affiliates objects to Document Request number 5 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, and would require significant expense from a non-party. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on search terms, the Sargeant Affiliates will produce responsive documents for the parties, time periods and scopes set forth in the Court's Discovery Order.

**6.      All documents concerning communications between You and Hall.**

Objection and Response: Each of the Sargeant Affiliates objects to Document Request number 6 on the grounds that it is overly broad, burdensome, and harassing, calls for information readily available from parties to this litigation, and would require significant expense from a non-party. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to an agreement with HS3 on search terms, the Sargeant Affiliates will produce responsive documents for the parties, time periods and scopes set forth in the Court's Discovery Order.

**7.      All documents concerning Your corporate records from January 1, 2010 to January 1, 2017, including articles of incorporation, bylaws, resolutions, board minutes, share certificates, filings with the State of Florida, etc.**

Objection: Each of the Sargeant Affiliates objects to Document Request number 7 on the grounds that it is overly broad, burdensome and harassing, would require significant expense from a non-party, and is not relevant to any parties' claims or defenses. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

**8.      All documents from January 1, 2010 to January 1, 2017, concerning the Sargeant Server including without limitation documents concerning Your ownership of, interest in, access to, or maintenance of the Sargeant Server, as that term is defined in the Counterclaim Complaint, including service records, policies governing use of the server, and invoices concerning the Sargeant Server.**

Objection: Each of the Sargeant Affiliates objects to Document Request number 8 on the grounds that it is overly broad, burdensome and harassing, would require significant expense from a non-party, and is not relevant to any parties' claims or defenses. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

**9.     Employee list for employees, officers, directors, and other people affiliated with You from January 1, 2010 to January 1, 2017.**

Objection: Each of the Sargeant Affiliates objects to Document Request number 9 on the grounds that it is overly broad, burdensome and harassing, would require significant expense from a non-party, and is not relevant to any parties' claims or defenses. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. The requested documents may also be confidential.

**10.     Any employee handbook, policy manual, or similar document in effect from January 1, 2010 to January 1, 2017.**

Objection: Each of the Sargeant Affiliates objects to Document Request number 10 on the grounds that it is overly broad, burdensome and harassing, would require significant expense from a non-party, and is not relevant to any parties' claims or defenses. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

**11. Any employee agreement in effect from January 1, 2010 to January 1, 2017.**

Objection: Each of the Sargeant Affiliates objects to Document Request number 11 on the grounds that it is overly broad, burdensome and harassing, would require significant expense from a non-party, and is not relevant to any parties' claims or defenses. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. The requested documents may also be confidential.

**12.     Authorized user list for the Sargeant Server, as that term is defined in the Counterclaim Complaint.**

Objection: Each of the Sargeant Affiliates objects to Document Request number 12 on the grounds that it is overly broad, burdensome and harassing, would require significant expense from a non-party, and is not relevant to any parties' claims or defenses. Each of the Sargeant Affiliates further objects on the grounds that it seeks communications or other documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

**Conclusion**

For the foregoing reasons, the Sargeant Non-Parties respectfully request the Court quash the Subpoenas or enter a protective order directing the Subpoenas be restricted in their scope only to the Court's Order Memorializing Court Rulings at Discovery Hearing and Setting Deadlines, attached as Exhibit A, sustain their objections to the Subpoenas, and award them such other and additional relief the Court deems just and proper.

Dated: February 27, 2019                    Respectfully submitted,

                                            *Jeffrey S. Wertman*
                                            Charles H. Lichtman
                                            Florida Bar No. 501050
                                            Jeffrey S. Wertman
                                            Florida Bar No. 3093
                                            Alejandro Miyar
                                            Florida Bar No. 105399
                                            BERGER SINGERMAN LLP
                                            350 East Las Olas Blvd., Suite 1000
                                            Telephone: (954) 525-9900
                                            Facsimile:  (954) 523-2872
                                            clichtman@bergersingerman.com
                                            jwertman@bergersingerman.com
                                            amiyar@bergersingerman.com
                                            ***Attorneys for Sargeant Non-Parties***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 27, 2019, I caused the foregoing document to be served on all counsel of record identified on the attached Service List via electronic mail.

                                            *Jeffrey S. Wertman*
                                            Jeffrey S. Wertman

- 16 -

## <u>SERVICE LIST</u>

Derek T. Ho
dho@kellogghansen.com
Andrew Goldsmith
agoldsmith@kellogghansen.com
**KELLOG HANSEN, TODD, FIGEL & FREDERICK P.L.L.C.**
Summer Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
*Attorneys for Plaintiffs, Daniel Hall, Burford Capital, LLC and Dundrod Investments, Ltd.*

Samuel A. Danon
sdanon@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
*Attorneys for Plaintiffs, Daniel Hall, Burford Capital, LLC and Dundrod Investments, Ltd.*

Christopher M. Kise
ckise@foley.com
Melissa B, Coffey
mcoffey@foley.com
Joshua M. Hawkes
jhawkes@foley.com
**FOLEY & LARDNER LLP**
106 East College Avenue, Suite 900
Tallahassee, Florida 32301-7732
*Attorneys for Defendant, Harry Sargeant, III*

Ryon M. McCabe
rmccabe@mccaberabin.com
Adam T. Rabin
arabin@mccaberabin.com
**MCCABE RABIN, P.A.**
1601 Forum Place, Suite 201
West Palm Beach, Florida 33401-8102
*Attorneys for Defendant, Harry Sargeant, III*

8952921-1