UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80748-BLOOM/Reinhart

DANIEL HALL, BURFORD CAPITAL LLC,
and DUNDROD INVESTMENTS, LTD.,

      Plaintiffs,

v.

HARRY SARGEANT, III,

      Defendant.
_____/

## ORDER OVERRULING OBJECTIONS TO MARCH 6, 2019 DISCOVERY RULINGS

**THIS CAUSE** is before the Court upon Defendant Harry Sargeant, III's ("Defendant") Objections to March 6, 2019 Discovery Rulings, ECF No. [149] ("Objections"), filed on March 20, 2019. The Court has carefully reviewed the Objections, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's objections are overruled.

The instant case is related to a previously filed case initiated by Defendant, *Sargeant v. Maroil Trading, Inc.*, Case No. 17-cv-81070 ("Related Case"), in which Defendant alleged a conspiracy between Plaintiff Daniel Hall ("Hall"), Daniel Sargeant and others, through which they agreed to obtain confidential and personal information of Defendant ("Sargeant Material"). Central to Defendant's claims in the Related Case was the contention that Hall provided certain other information (the "Ruperti Material") to Daniel Sargeant in exchange for the Sargeant Material. The instant case arises as a result of what Plaintiffs characterize as Defendant's baseless claims in the Related Case, which Defendant voluntarily dismissed.

The current discovery dispute relates to Defendant's efforts to obtain the Ruperti Material, which Defendant contends is the basis for Plaintiffs' malicious prosecution and breach of contract claims in the instant case, and which are key to Defendant's affirmative defenses with respect to these claims, including unclean hands, *ultra vires*, and fraudulent inducement. Defendant lodges two objections – (1) he objects generally to Magistrate Judge Reinhart's discovery rulings, arguing that Judge Reinhart has imposed too narrow a view of relevance, which has barred Defendant from obtaining any "meaningful" discovery with respect to the Ruperti Material and other relevant topics, and (2) Defendant objects specifically to Judge Reinhart's rulings at a March 6, 2019 hearing that have prevented Defendant from obtaining discovery regarding the Ruperti Materials.

Federal Rule of Civil Procedure 72(a) provides that, when timely objections are made to a magistrate judge's order on a pretrial, non-dispositive matter, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008). Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quoting *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating in reviewing magistrate judge's discovery order that "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). With respect to the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (quoting *S.E.C. v. Cobalt Multifamily Inv'rs I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

Case No. 18-cv-80748-BLOOM/Reinhart

Upon review, Defendant has not met his difficult burden. First, Defendant's broad general objection to the purported effect of Judge Reinhart's discovery rulings is improper. Second, with respect to the Ruperti Materials, Judge Reinhart has not precluded all discovery, but simply limited the scope of discovery with respect to the actual content of the Ruperti Materials, and how Hall obtained them. In his Objections, Defendant has made no showing as to the relevance of the *content* of those documents to the claims or his defenses in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). The Court agrees with Judge Reinhart that relevant in this case are the limitations on Hall's use of the Ruperti Materials and what he did with them, and how he acquired the Sargeant Materials and what he did with them.

Accordingly, Defendant's Objections, **ECF No. [149]**, are **OVERRULED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 21, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record