UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80748-ALTMAN/Reinhart

DANIEL HALL, BURFORD CAPITAL LLC,
and DUNDROD INVESTMENTS LTD.,

    Plaintiffs,

v.

HARRY SARGEANT, III,

    Defendant.
_____/

## PARTIES' JOINT MEMORANDUM REGARDING SEALING

Plaintiffs Daniel Hall, Burford Capital LLC ("Burford Capital"), and Dundrod Investments Ltd. ("Dundrod") and Defendant Harry Sargeant, III ("HS3"; together with Plaintiffs, the "parties") submit this joint memorandum pursuant to the Court's direction at the April 19, 2019 discovery conference. The Court directed the parties to address whether Exhibits 5, 6, and 7 to the parties' April 17, 2019 Joint Discovery Memorandum, ECF No. 181, should be sealed.

For the reasons set forth below, Exhibits 5 and 7 should be sealed because neither the common-law right of access to judicial proceedings nor the Federal Rules require them to be filed unsealed. In the alternative, if the Court is inclined to require that Exhibit 7 be filed unsealed, Plaintiffs respectfully request permission to reduce it to the two pages of the deposition transcript cited in the Joint Discovery Memorandum, pages 11 and 64 (as well as the cover page to the transcript). Similarly, Plaintiffs respectfully request permission to reduce Exhibit 6 to the

two pages of their privilege log containing disputed entries – pages 1 and 3 – and re-file that reduced version of the exhibit on the public docket.

First, the common-law right of access does not require the unsealed filing of any of the exhibits because "material filed with discovery motions is not subject to the common-law right of access" to judicial proceedings. *Chicago Tribune Co. v. BridgestoneFirestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). That rule recognizes that "[t]he discovery process, as a 'matter of legislative grace,' is a statutorily created forum not traditionally open to the public. Although information exchanged in pretrial discovery would often generate considerable public interest if publicly disseminated, private litigants have protectable privacy interests in confidential information disclosed through discovery." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984)). The common-law right of access may reach discovery material filed in connection with motions "that require judicial resolution of the merits" – and even then the right may be outweighed by a litigant's interest in non-disclosure – but the right simply does not attach to materials filed in connection with discovery motions.[1] *Chicago Tribune*, 263 F.3d at 1312.

Thus, sufficient good cause to file the documents under seal is met by the rationale justifying umbrella protective orders to facilitate discovery:

> Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.
>
> If it were otherwise and discovery information and discovery orders were readily available to the public and the press, the consequences to the smooth functioning of the discovery process would be severe. Not only would voluntary discovery be chilled, but whatever discovery and court encouragement that would

---

[1] Defendant notes that this analysis could change depending on the nature of the motion.

2

>take place would be oral, which is undesirable to the extent that it creates misunderstanding and surprise for the litigants and the trial judge.

*United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).

Second, the Federal Rules of Civil Procedure do not require the unsealed filing of Exhibit 5 or Exhibit 7 because, at least at this stage of the litigation, those exhibits satisfy the requirement of "good cause" for sealing set forth in Rule 26(c).[2]

HS3 submits that Exhibit 5, which Plaintiffs have designated as confidential, which is the index of the highly personal and intimate HS3 Material Plaintiffs received, should be sealed given the sensitive nature of the material reflected therein, and in light of the fact that it is discovery material filed with a discovery motion.

Exhibit 7 is the complete transcript of the March 12, 2019 deposition of Aviva Will, who was designated as the corporate designee of Burford Capital and Dundrod pursuant to Rule 30(b)(6). The transcript contains "information related to [Burford's] business practices, [and] its daily operations," *CFPB v. Ocwen Fin. Corp.*, 2018 WL 3118266, at *4 (S.D. Fla. June 25, 2018), that it maintains as proprietary, confidential information. *See, e.g.*, Ex. 7 at 34-38 & 122-25 (discussing confidential corporate structure of Burford entities), 39-49 (discussing services agreement among Burford entities), 152-57 (discussing confidential Forward Purchase Agreement between Dundrod and Mohammad Al-Saleh); Decl. of Aviva O. Will ¶¶ 2-4 (attached hereto as Exhibit A). Indeed, much of the transcript describes litigation activity that was shielded from discovery by the work product doctrine in the case with which it was connected. *See, e.g.*, Ex. 7 at 30-31 (discussing Burford executives' roles in Mohammed Al-Saleh's litigation against HS3), 63-112 & 138-52 (discussing Burford's activities in

---

[2] The constitutional right of access to discovery materials pursuant to the First Amendment is coextensive with Rule 26(c). *See Chicago Tribune*, 263 F.3d at 1310.

3

connection with negotiation of settlement of Mohammed Al-Saleh's litigation against HS3); *In re Int'l Oil Trading Co.*, 548 B.R. 825, 835-37 (Bankr. S.D. Fla. 2016) (holding Burford materials prepared in connection with Mohammed Al-Saleh's litigation against HS3 protected by work product doctrine).  At least at this stage of the litigation, and in connection with a discovery motion that does not implicate the merits of the case, these considerations are sufficient to permit the filing of Exhibit 7 under seal.  *See Ocwen Fin. Corp.*, 2018 WL 3118266, at *4-5.

In the alternative, if the Court concludes that sealing is not appropriate, Plaintiffs submit that Exhibit 7 should be reduced to the two pages from the transcript cited by the parties in the Joint Discovery Memorandum.  Plaintiffs consented to the filing of the entire transcript in reliance upon its being filed under seal.  Had Plaintiffs known the Court would not permit sealing, Plaintiffs would have limited Exhibit 7 to the pages that were at issue in the parties' dispute.  If the Court is not inclined to permit Exhibit 7 to be sealed, Plaintiffs respectfully request the opportunity to revise the exhibit accordingly.  Defendant submits that more than just two pages are relevant to the issues raised at the April 19th hearing, and thus, HS3 requests that if the Court is inclined to both require unsealed filing and modify the document submitted, that it order the parties to seek agreement as to which portions will be filed in the open record.

Similarly, Plaintiffs do not contend that Exhibit 6 should be sealed, but they respectfully request the opportunity to reduce Exhibit 6 to the pages containing the privilege log entries that were at issue in the parties' dispute.  The other pages of the exhibit could not have had any bearing on the Court's resolution of the dispute, and there is no reason for them to be part of the record.  Defendant submits that there is no basis to designate a privilege log confidential as the point of the privilege log is to establish the existence of the privilege without divulging the substance of the communication.  Further, Defendant notes that Plaintiffs offer no basis for

keeping three of five pages away from public view, and thus, there is no good cause to file Exhibit 6 under seal.

Dated: May 3, 2019                                            Respectfully submitted,

<u>/s/ Melissa B. Coffey</u>                                  <u>/s/ Armando Cordoves, Jr.</u>
Melissa B. Coffey                                             Samuel A. Danon (FBN 892671)
mcoffey@foley.com                                             sdanon@huntonak.com
Joshua M. Hawkes                                              Armando Cordoves, Jr. (FBN 112425)
jhawkes@foley.com                                             Hunton Andrews Kurth, LLP
Foley & Lardner, LLP                                          1111 Brickell Avenue, Ste. 2500
106 East College Avenue, Ste. 900                             Miami, FL 33131
Tallahassee, FL 32301-7732

                                                              Derek T. Ho
Ryon M. McCabe, Esq.                                          dho@kellogghansen.com
rmccabe@mccaberabin.com                                       Andrew E. Goldsmith
e-filing@mccaberabin.com                                      agoldsmith@kellogghansen.com
Adam T. Rabin, Esq.                                           Minsuk Han
arabin@mccaberabin.com                                        mhan@kellogghansen.com
Lauren E. Johnson                                             Christine A. Bonomo
ljohnson@mccaberabin.com                                      cbonomo@kellogghansen.com
McCabe Rabin, P.A.                                            Jan E. Messerschmidt
1601 Forum Place, Ste. 201                                    jmesserschmidt@kellogghansen.com
West Palm Beach, FL 33401                                     Kellogg, Hansen, Todd, Figel & Frederick,
                                                              P.L.L.C.
*Counsel for Defendant Harry Sargeant, III*                   1615 M. Street, N.W., Ste. 400
                                                              Washington, DC 20036

                                                              *Counsel for Plaintiffs Daniel Hall, Burford*
                                                              *Capital LLC, and Dundrod Investments Ltd.*