# Defendant's Exhibit 119:

# Declaration of Ali Rhaman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-cv-80748-ALTMAN/Reinhart

DANIEL HALL,
BURFORD CAPITAL LLC, and
DUNDROD INVESTMENTS LTD.,

 Plaintiffs,

v.

HARRY SARGEANT, III,

 Defendant.

_____/

**<u>DECLARATION OF ALI RAHMAN</u>**

I, Ali Rahman, hereby state and declare as follows:

1. I am over the age of majority and am competent to make the statements in this declaration. The statements set forth herein are based upon my personal knowledge. I provide this declaration for use in the above-captioned case and for no other purpose.

2. From approximately 2011 to 2012, I worked as an employee of Phoenix Partners Group LP., and in that capacity represented and performed work for business entities owned by Harry Sargeant, III, Harry Sargeant, Jr., Daniel Sargeant, and/or James Sargeant (collectively, the "Sargeant Family Businesses").

3. Sargeant Marine, one of the Sargeant Family Businesses, owned a computer server (the "Sargeant Server") located at 3020 North Military Trail, #100, Boca Raton, Palm Beach County, Florida.

4. While I was performing work for the Sargeant Family Businesses, I owned and used an email account on the Sargeant Server with the following email address: arahman@sargeant.net (the "Email Account").

5. I owned and controlled access to the Email Account, and only I could authorize another person to access the account.

6. I used the Email Account for my work-related emails for the Sargeant Family Businesses, and for my personal emails.

7. The Email Account contained my private and confidential business and personal information.

8. I never authorized anyone else besides Daniel Rivas, the Information Technology system administrator for the Sargeant Family Businesses, to access the Email Account, or to access or obtain any information or material from the Email Account.

9. The Email Account was password protected, and I did not provide my password to anyone except for Mr. Rivas.

10. There were no policies (official or unofficial, written or unwritten) authorizing anyone aside from me to access the Email Account, other than the system administrator, Mr. Rivas, who could access it only on a limited basis for the purpose of performing maintenance, repairs, or software patches.

11. Sargeant Marine, Inc. and the Sargeant Family Businesses had no official or unofficial, written or unwritten, policies or procedures governing access to the Email Account, or access to information from that account.  I never saw or was asked to sign a policy governing access to the Email Account, or access to information from that account, or access to the Sargeant Server.

12. HS3's brothers and father ousted him from the Sargeant Family Businesses in or around early 2013.

13. In or about February 2013, following HS3's ouster from the Sargeant Family Businesses, HS3 and I asked Mr. Rivas about access to my and the HS3 Email Account. Mr. Rivas told me: (a) that the HS3 Email Account and my Email Account had been disconnected; (b) that all the associated information and data in the HS3 Email Account and my Email Account had been "cut off from the root;" and (c) that no information or data from the HS3 Email Account or my Email Account could or would be provided to HS3 or me.

14. The attached Defendant's Exhibit 91 is a copy of a series of text messages between me and Mr. Rivas on February 22, 2013, discussing my Email Account, in which Mr. Rivas informed me the Email Account had been "cut off from the root".

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on August 19, 2019.

_____
Ali Rahman