UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80748-ALTMAN/Reinhart

DANIEL HALL,
BURFORD CAPITAL LLC, and
DUNDROD INVESTMENTS LTD.,

    Plaintiffs,

v.

HARRY SARGEANT, III,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DECLARATIONS
SUBMITTED IN SUPPORT OF SUMMARY JUDGMENT**

    Plaintiffs Daniel Hall, Burford Capital LLC ("Burford Capital"), and Dundrod Investments Ltd. ("Dundrod"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26, 37, and 56, hereby move to strike the declarations of Defendant Harry Sargeant, III ("HS3" or "Defendant"), Gregory Coleman, Ali Rahman, and Harry Sargeant, IV, all submitted by Defendant in support of his Motion for Summary Judgment and Incorporated Memorandum of Law, ECF No. 320 ("Def. Mot."), and in support, state as follows:

**ARGUMENT**

    In support of his Motion for Summary Judgment, Defendant filed several declarations, including one of his own, and three others from his attorney, Gregory Coleman, his son, Harry Sargeant, IV ("HS4"), and his business associate, Ali Rahman. ECF Nos. 323-12, 323-13, 323-43, 323-44. All four declarations are improper as evidence on summary judgment because they largely consist of self-serving statements and opinions, otherwise unsubstantiated (and oftentimes blatantly contradicted) by the record before the Court. Nor are Rahman or HS4 even proper declarants, because Defendant never disclosed them as witnesses as required. This Court should strike all four declarations in their entirety.

    "An affidavit or declaration used to support or oppose a motion [for summary judgment]

must be made on personal knowledge [and] set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4).  This Court may strike an affidavit or declaration submitted in support of summary judgment.  "An affidavit submitted in support of a motion for summary judgment should be stricken 'when it is a conclusory argument, rather than a statement of fact, or when the affidavit is not based on personal knowledge." *Longhini v. W. 97 Corp.*, 2016 WL 7438829, at *1 (S.D. Fla. Apr. 29, 2016); *see Broughton v. Sch. Bd. of Escambia Cty., Fla.*, 540 F. App'x 907, 911 (11th Cir. 2013) (affirming district court's decision striking affidavits not based on personal knowledge).  Far from presenting statements of fact based on personal knowledge, the declarations largely consist of statements that "would traditionally be presented to the Court by Plaintiffs' counsel in the form of legal argument." *Johnson v. Bush*, 2002 WL 34355953, at *1 (S.D. Fla. Apr. 19, 2002).

### A.  Defendant's Declaration

Defendant's own declaration reads more like a pleading than a witness's affidavit.  Many statements, in fact, are cribbed straight from the Second Amended Complaint ("SAC") and merely restate (unproven) allegations verbatim.  *Compare* Def. Decl. ¶¶ 3-4, 6, 10-12, 26, ECF No. 323-12, *with* SAC ¶¶ 17-18, 21-22, 25-26, ECF No. 1-4.  *See Melton v. Kroger*, 2019 WL 3208367, at *4 (M.D. Ala. July 16, 2019) (striking statements in plaintiff's affidavit that "appear to merely be a restatement of Plaintiff's complaint, which contains legal conclusions and general conclusory allegations").  The rest of Defendant's declaration consists of similar conclusory argument and not statements of fact.  From the very outset, the declaration makes various claims that he "owned," "controlled," and had an "ownership interest" in the Sargeant Family Businesses and the HS3 Email Account.  Def. Decl. ¶¶ 3, 6-8, 15.  The HS3 Email Account was "treated as my personal property," *id.* ¶ 8, Defendant declares, and he was "treated as co-owner for all of the Sargeant Family Businesses," *id.* ¶ 15.  It was Defendant's failure to allege facts that he had rights to his email account (and rights to superior to others) that Judge Reinhart identified as the principal fatal flaw in Defendant's CFAA claim.  ECF No. 1-5 at 15 (R&R).  Lacking any

actual evidence in the otherwise undisputed record, PSUF[1] ¶¶ 3, 5-13, 16; RSUF[2] ¶¶ 46-47, 50, Defendant's declaration transparently (and improperly) attempts to manufacture a factual dispute through conclusory assertions. *Rubenstein v. Fla. Bar*, 72 F. Supp. 3d 1298, 1307 (S.D. Fla. 2014) ("A party cannot manufacture a genuine issue of fact by misconstruing or misstating the clear factual record before the Court.").

Next, Defendant tries to recast the Settlement Agreement that he entered into with Mohammad Al-Saleh, making a series of assertions about the parties' negotiations and intent, and the nature of his contractual obligations. Def. Decl. ¶¶ 27-36. Defendant has a foundation for this knowledge, he asserts, because he "actively coordinat[ed] with Burford Capital LLC" and was "actively engaged in negotiating the Release." Def. Decl. ¶¶ 29, 31, 35.[3]

Mere weeks ago, however, Defendant sang a different tune and professed to have little (if any) understanding of the terms of either the settlement agreement or the release. *See, e.g.*, PSUF ¶ 15 (HS3 Tr. at 250:25-251:1) ("Q. Do you have any understanding, sitting here right now, of the terms of this agreement? A. No, sir."); *id.* at 247:4-7 ("Q. So beyond reading the words here, you don't have any understanding? A. My attorneys basically drafted it up and said this needed to be signed, and I signed it."). But Defendant cannot attest to personal knowledge by blatantly contradicting his own deposition testimony that he had none. That is the very definition of a "sham affidavit." *Leoncio v. Louisville Ladder, Inc.*, 2014 WL 11429056, at *5 (S.D. Fla. Apr. 8, 2014) ("Simply put, the sham affidavit rule ensures that litigants cannot engage in wholesale revision of their testimony whenever expedience favors it.").

Lastly, Defendant's declaration seeks to refute Plaintiffs' argument that lacked probable cause and acted with malice when he asserted his claims against Hall. Def. Decl. ¶¶ 43-52. After Defendant explains that his and his counsel's pre-filing investigation was limited to reviewing Andrew Preston's affidavit and meetings with Patrick Mooney, he then purports to

---

[1] *See* Plaintiffs' Statement of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment, ECF No. 324 ("PSUF").

[2] *See* Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts and Statement of Additional Undisputed Material Facts in Opposition to Defendant's Motion for Summary Judgment, to be filed on September 6, 2019 ("RSUF").

[3] Remarkably, this statement contradicts Defendant's *own* argument that Burford Capital "cannot establish personal knowledge of the parties' intent'" because "Burford US and Dundrod did not participate in the settlement process." Def. Mot. at 5-6.

declare what that limited evidence "reflected" or "revealed." *Id.* ¶¶ 45-47. Based on this evidence, Defendant states that "[t]he substance of the factual allegations" in the SAC "were all accurate to the best of my knowledge and belief." *Id.* ¶ 49. "I strongly believe," Defendant continues, "that it is illegal for anyone to take private, sensitive materials from someone else, especially photographs and sex videos like those contained in the HS3 Material, and to use such materials for harassing, abusive, or other illegitimate reasons." *Id.* ¶ 50. But an affidavit that states "only that the affiant believes a certain fact exists" is insufficient to create "a genuine issue of fact about the existence of that certain fact." *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002). For similar reasons, Defendant's claim that he "did not file the SAC against Hall out of malice," Def. Decl. ¶ 51, is merely a "conclusory assertion[] of ultimate fact" that cannot be credited on summary judgment. *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1238 (S.D. Fla. 2015).

In sum, Defendant's declaration "consists in large part of self-serving statements and opinions otherwise unsubstantiated by the record before the Court." *Calvo v. B & R Supermarket, Inc.*, 63 F. Supp. 3d 1369, 1371-72 (S.D. Fla. 2014). The Court should therefore strike or disregard the declaration in its entirety. *See id.*

### B. Declaration of Gregory Coleman

Like Defendant's declaration, Coleman's is full of self-serving statements and conclusory arguments rather than statements of fact. For instance, Coleman repeats many of the same statements about the negotiations of the settlement agreement, the parties' intent, and the nature and extent of Defendant's contractual obligations. Coleman Decl. ¶¶ 4, 7-10, ECF No. 323-13. Aside from his bare assertion that he (and other counsel) "handled negotiating and drafting of the Settlement Agreement," *id.* ¶ 3, however, Coleman does not claim to have personal knowledge of Al-Saleh's intent. Nor could he. And Coleman's statements about the meaning of certain contractual terms is improper legal opinion, not statements of fact. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law."); *Maltez v. Trepel Airport Equip. GMBH*, 2017 WL 5903556, at *7 (S.D. Fla. Nov. 30, 2017) (concluding that a witness "should **not** be permitted to provide expert opinion testimony on how the contract should be interpreted and what contractual duties [the defendant] was obligated to provide" because "contract interpretation is an issue of law").

Coleman's declaration also includes statements regarding Defendant and his counsel's pre-filing investigation, which are nearly identical to those in Defendant's declaration. *Compare* Coleman Decl. ¶¶ 13-18 *with* Def. Decl. ¶¶ 44-48. Coleman's analysis of the evidence that he and his counsel purportedly reviewed, however, is not any less improper merely because he is (in his own mind) "a highly ethical attorney," Coleman Decl. ¶ 22. *See, e.g., Harris v. JLG Indus.*, 2016 WL 4126521, at *4 (S. D. Ala. Aug. 2, 2016) (excluding lay witness's analysis of documents that was "a classic" example "of how an expert renders an opinion"). Coleman's expressed "opinion" that Defendant had "sufficient evidence," *id.* ¶ 19, and that "probable cause existed," *id.* ¶ 21, is not admissible as lay testimony, nor would it be proper expert opinion. *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1129 (11th Cir. 2018) (approving of district court's decision striking expert's report and testimony that was "replete with legal opinion"), *cert. denied*, 139 S. Ct. 225 (2018); *Rizzo v. Edison, Inc.*, 172 F. App'x 391, 393-94 (2d Cir. 2006) (affirming district court's exclusion of expert opinion testimony on whether there was probable cause in malicious prosecution action).

      **C.**      **Declarations of Ali Rahman and Harry Sargeant IV**

As a threshold matter, the Rahman and HS4 declarations should be stricken because Defendant did not disclose either witness, as required under Rule 26. Under that Rule, each party must disclose the names of individuals "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). This Court may strike an affidavit of an undisclosed witness filed in support of a motion for summary judgment "unless the failure was substantially justified or is harmless." *Faulk v. Volunteers of Am.*, 444 F. App'x 316, 317-18 (11th Cir. 2011); *Liebman v. Metro. Life Ins. Co.*, No. 13-CV-80535, 2016 WL 7971336, at *6 (S.D. Fla. Sept. 16, 2016). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Defendants did not disclose either Ali Rahman or HS4 as individuals likely to have discoverable information in either his initial or amended disclosures. Goldsmith Decl. Ex. 1 at 1-7 (Def.'s Rule 26(a)(1) Init. Discl.); Goldsmith Decl. Ex. 2 at 1-5 (Def. Amend. Init. Discl.). Nor did Defendant identify Rahman or HS4 in response to Plaintiffs' interrogatories asking for Defendant's factual basis for his allegations in the SAC, "including documents and witnesses" on which he relied. Goldsmith Decl. Ex. 3 at 1-7 (Pls.' Interrogs.).

5

In addition to striking them under Rule 26 and 37, the Court should also strike them because they are not based on personal knowledge, as required by Rule 56(c). Rahman and HS4's declarations both consist of nearly identical statements about Sargeant Marine's email policies, including assertions that each of them "owned and controlled" their company-provided email accounts, Rahman Decl. ¶¶ 4-5; HS4 Decl. ¶¶ 4-5, and that Sargeant Marine had "no policies (official or unofficial, written or unwritten) authorizing" access by anyone else, Rahman Decl. ¶¶ 10-11; HS4 Decl. ¶ 10. Not only are these statements just conclusory assertions, and improper on that basis alone, but neither Rahman nor HS4 was ever employed by Sargeant Marine, as their declarations also make clear. HS4 Decl. ¶ 2 ("From approximately 2010 through 2012, I worked as an employee and received my pay from Sargeant Bulktainers . . . ."); Rahman Decl. ¶ 2 ("From approximately 2011 to 2012, I worked as an employee of Phoenix Partners Group LP., and in that capacity represented and performed work for business entities owned by Harry Sargeant, III, Harry Sargeant, Jr., Daniel Sargeant, and/or James Sargeant."). Their declarations utterly fail to establish that they have personal knowledge about Sargeant Marine's business practices, let alone its IT policies. *Connectus LLC v. Ampush Media, Inc.*, 2017 WL 1743432, at *4 (M.D. Fla. May 4, 2017) (excluding witness's testimony as to company business practices because the witness was not an employee of the company during the relevant time).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike or disregard, in whole or in part, the declarations of Harry Sargeant, III, Gregory Coleman, Harry Sargeant, IV, and Ali Rahman, filed by Defendant in support of his Motion for Summary Judgment.

## LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion, and Defendant Harry Sargeant, III opposed the relief requested in this motion.

DATED:  September 6, 2019

Respectfully submitted,

/s/  *Samuel A. Danon*
Samuel A. Danon (FBN 892671)
Armando Cordoves, Jr. (FBN 112425)
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Tel.: (305) 810-2500
Email: sdanon@HuntonAK.com
Email: acordoves@HuntonAK.com

Derek T. Ho (*pro hac vice*)
Andrew E. Goldsmith (*pro hac vice*)
Minsuk Han (*pro hac vice*)
Christine A. Bonomo (*pro hac vice*)
Jan E. Messerschmidt (*pro hac vice*)
KELLOGG, HANSEN, TODD
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Email:  dho@kellogghansen.com
Email:  agoldsmith@kellogghansen.com
Email:  mhan@kellogghansen.com
Email:  cbonomo@kellogghansen.com
Email:  jmesserschmidt@kellogghansen.com

*Counsel for Plaintiffs Daniel Hall, Burford Capital LLC, and Dundrod Investments Ltd.*