**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-80748-ALTMAN/Reinhart**

DANIEL HALL,
BURFORD CAPITAL LLC, and
DUNDROD INVESTMENTS LTD.,

    Plaintiffs,

    v.

HARRY SARGEANT, III,

    Defendant.
_____/

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFFS' RESPONSE TO <u>DEFENDANT'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS</u>**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs Daniel Hall, Burford Capital LLC ("Burford Capital"), and Dundrod Investments Ltd. ("Dundrod") hereby file their reply to Defendant Harry Sargeant, III's Opposition to Plaintiffs' Statement of Undisputed Material Facts, ECF No. 340 at 1, and their response to Defendant's Statement of Additional Material Facts, ECF No. 340 at 14, and state as follows:

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant does not dispute paragraphs 1, 15, 19, 27-29, 32, 34-36, 51, 55-57, 68, and 76.

2. HS3 does not dispute that he never possessed any ownership interest in Sargeant Marine. Cited evidence creates no dispute of the facts in paragraph 2. Pls.' Resp. to Def.'s Stmt. of Undisp. Material Facts ¶¶ 46, 47, 49 (ECF No. 337) ("RSUF").

3. HS3 does not dispute the facts in paragraph 3. Nor does cited evidence create any dispute of facts in paragraph 3. *Supra* ¶ 2.

4. Cited evidence creates no dispute of the facts in paragraph 4. ECF No. 340-2 (HS3 Tr.) at 60:15-19.

5. HS3 does not dispute the facts in paragraph 5. Nor does cited evidence create any factual dispute. RSUF ¶¶ 48, 58, 59.

6. HS3 seeks to create a factual dispute by citing inadmissible declarations of his own and his son Harry Sargeant, IV ("HS4"). *See* Pls.' Mot. to Strike Def.'s Suppl. Decls. Submitted in Opp'n to Pls.' Mot. for Partial Summ. J. (filed concurrently herewith) ("Mot. to Strike"). HS3 has not provided, and cannot provide, any evidence that the IT policies produced by the Sargeant Family Businesses were fabricated. The Sargeant Family Businesses produced copies of written IT policies, including a copy of the IT policy signed by HS2, the founder and co-owner of Sargeant Marine, and dated June 1999, Decl. of Andrew E. Goldsmith (filed herewith) ("Goldsmith Decl.") Ex. A (SARGEANT000003); ECF No. 324-2 (HS2 Tr.) at 59:14-60:3; and one bearing the logo of Sargeant Marine, ECF No. 324-11; Goldsmith Decl. Ex. C (J. Sargeant Tr.) at 31:5-18.

7. HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6. Cited evidence creates no dispute of the facts in paragraph 7.

8. HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6. Cited evidence creates no dispute of the facts in paragraph 8.

9. HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6.

1

Cited evidence creates no dispute of the facts in paragraph 9.

10.   HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6. Cited evidence creates no dispute of the facts in paragraph 10.

11.   HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6. Cited evidence creates no dispute of the facts in paragraph 11.

12.   HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6. Cited evidence creates no dispute of the facts in paragraph 12.

13.   HS3's evidentiary objections are unfounded. E. Daniel Rivas, as the IT manager at Sargeant Marine, and Dan Sargeant, as an officer and owner of Sargeant Marine, have personal knowledge on Sargeant Marine's company policy regarding former employees' email accounts. Pls.' Stmt. of Undisp. Material Facts ¶ 4 (ECF No. 324) ("PSUF"); Goldsmith Decl. Ex. B (Rivas Tr.) at 143:13-18. Cited evidence does not support assertion that email messages were archived on a particular server. ECF No. 340-06 (Rivas Tr.) at 52:6-53:8 (messages were stored "on the server or in the external hard drives").

14.   HS3 does not dispute the facts in paragraph 14. Nor does cited evidence create any factual dispute. Def.'s Stmt. of Undisp. Material Facts ¶¶ 46-52, 57 (ECF No. 323).

16.   HS3 does not dispute that he asked other employees at Sargeant Marine to access his email account and office computer. Nor does he dispute that he gave his password to Rivas. Rivas testified that password was "very simple" as "1234" or "123456," ECF No. 324-07 (Rivas Tr.) at 148:15-23, consistent with the testimony of Dan Sargeant, to whom HS3 gave his password, ECF No. 340-7 (D. Sargeant Tr.) at 292:22-24. HS3 seeks to create a dispute by citing inadmissible evidence. *Supra* ¶ 6.

17.   HS3's evidentiary objections are unfounded. Dan Sargeant has personal knowledge of HS3's use of his office computer. ECF No. 324-04 (D. Sargeant Tr.) at 25:17-26:5, 35:19-36:20. HS3's regular viewing of pornography on his office computer in violation of company policy is probative of the lack of probable cause to assert claims in the SAC. For instance, HS3 had no basis to allege reputational harm. HS3 seeks to create a dispute by citing inadmissible evidence. *Supra* ¶ 6.

18.   HS3 does not dispute that he used his sargeant.net email account to correspond with women with whom he engaged in extramarital affairs. HS3's evidentiary objections are unfounded. The content of the HS3 Material is probative of the lack of probable cause to assert

claims in the SAC.  For instance, HS3 had no basis to allege reputational harm.  PSUF ¶¶ 18-22.  Any unfair prejudice does not outweigh the probative value.  HS3 seeks to create a factual dispute by citing inadmissible evidence.  *Supra* ¶ 6.

20. HS3 does not dispute the facts in paragraph 20.  HS3's evidentiary objections are unfounded.  The fact that HS3's extramarital relationship was widely known is probative of the lack of probable cause to assert claims in the SAC.  For instance, HS3 had no basis to allege reputational harm.  Any unfair prejudice does not outweigh the probative value.

21. Cited evidence creates no dispute of the facts in paragraph 21.  HS3's evidentiary objections are unfounded.  Dan Sargeant's deposition testimony is not improper hearsay.  He personally saw HS3 show sexually explicit photographs and videos to friends, colleagues, and other acquaintances.  ECF No. 324-4 (D. Sargeant Tr.) at 32:8-17.  James Sargeant also testified to the same effect.  Goldsmith Decl. Ex. C (J. Sargeant Tr.) at 58:8-62:14 (HS3 "regularly" showed "sexually explicit photographs or videos" of his "conquests" to people inside and outside the Sargeant Family Businesses).  The facts in paragraph 21 are probative of the lack of probable cause to assert claims in the SAC.  For instance, HS3 had no basis to allege reputational harm.

22. HS3 does not dispute the facts in paragraph 22.  HS3's evidentiary objections are unfounded.  The facts in paragraph 22 are probative of the lack of probable cause to assert claims in the SAC.  For instance, HS3 had no basis to allege reputational harm.  Any unfair prejudice does not outweigh the probative value.

23. Cited evidence creates no dispute of the facts in paragraph 23.  HS3's evidentiary objections are unfounded.  The circumstances under which HS3 separated from Sargeant Marine are probative of the lack of probable cause to assert claims in the SAC.  For instance, HS3 had no expectation of privacy in his email account or its content.  Any unfair prejudice does not outweigh the probative value.

24. HS3 does not dispute the facts in paragraph 24.  Nor does cited evidence create any factual dispute.  RSUF ¶¶ 62, 64.

25. HS3 does not dispute the facts in paragraph 25.  Nor does cited evidence create any factual dispute.  It is undisputed that the photos James Sargeant sent HS3's family on Christmas in 2013 are among the photos contained in the HS3 Material and that James Sargeant used his office computer to obtain them from email archives.  Goldsmith Decl. Ex. C (J. Sargeant Tr.) at 52:18-53:5, 56:1-57:17.  HS3's unsubstantiated references to James Sargeant's alleged

history of drug abuse, mental instability, and domestic violence are improper and irrelevant. *Id.* at 77:2-25, 111:14-112:18. To the extent HS3 is attempting to discredit James Sargeant's testimony, Defendant has not contradicted James Sargeant's specific, detailed testimony about the Christmas 2013 incident. Goldsmith Decl. Ex. C (J. Sargeant Tr.) at 47:18-91:9.

26. HS3 does not dispute the facts in paragraph 26. Nor does cited evidence create any factual dispute. *Supra* ¶ 25.

30. HS3 does not dispute the facts in paragraph 30. Nor does cited evidence create any factual dispute. RSUF ¶¶ 50, 51, 62, 64. The assertion concerning HS3's rights is an improper legal conclusion.

31. HS3 does not dispute the facts in paragraph 31. HS3's evidentiary objections are unfounded. The nature of the Florida judgment whose enforcement HS3 evaded for years is probative of HS3's malice towards Hall, who helped Al-Saleh enforce that judgment and is directly related to the scope of the Release. Any unfair prejudice does not outweigh the probative value. The prior judgment of fraud is also admissible to impeach HS3's credibility.

33. HS3 does not dispute the facts in paragraph 33. Nor does cited evidence create any factual dispute. HS3's evidentiary objections are unfounded. HS3's years-long evasion of the Florida judgment's enforcement, which necessitated Hall's investigative work, and HS3's litigiousness are probative of HS3's malice towards Hall and are directly related to the scope of the Release. Any unfair prejudice does not outweigh the probative value. Dan Sargeant's deposition testimony is not improper hearsay. Dan Sargeant was personally involved in numerous lawsuits brought by HS3, ECF No. 324-4 (D. Sargeant Tr.) at 281:12-282:1, and has personal knowledge on HS3's litigation history.

37. HS3 does not dispute the facts in paragraph 37. Cited evidence creates no factual dispute.

38. Cited evidence creates no dispute of the facts in paragraph 38. It is undisputed that Aviva Will supervised Hall's work on the Al-Saleh matter and that Will was aware Hall's investigative work was ongoing. ECF No. 340-10 (Will Tr.) at 179:4-5; ECF No. 340-11 (Hall Tr.) at 468:14-469:3. Otherwise, HS3's response is an improper legal conclusion. RSUF ¶ 157.

39. HS3 does not dispute the facts in paragraph 39. Cited evidence creates no factual dispute.

40. Cited evidence creates no dispute of the facts in paragraph 40. HS3 seeks to

create a factual dispute by relying on inadmissible evidence and citing paragraphs not supported by evidence cited therein. RSUF ¶¶ 42, 87, 112-113, 115-117; ECF Nos. 340-12, 340-13. HS3's reliance on false and misleading press coverage creates no factual dispute. ECF No. 340-13. Uncontroverted evidence shows that Hall did not exchange or trade the HS3 Material, RSUF ¶ 41; he obtained the USB drive containing the entire content of an email archive in furtherance of Al-Saleh's judgment enforcement efforts, *id.* ¶ 105; and he did not face internal criticism for his conduct concerning the transfer of the Ruperti Material, *id.* ¶ 117. HS3 improperly relies on media coverage that he generated. On August 22, 2019, two days after the parties filed their summary judgment motions, the *Financial Times* ("FT") published an article about ongoing litigation in the United Kingdom between Wilmer Ruperti and Novoship (UK) Limited ("Novoship"). ECF Nos. 320, 321; Goldsmith Decl. Ex. D. The article focused on Novoship's impleading of Hall and another Burford entity more than three months earlier and did not describe any event in that litigation that was less than three months old. *Id.*; Goldsmith Decl. Ex. E. The day after the article, one of the FT's reporters contacted Burford's communications firm seeking comment for a planned follow-up. Goldsmith Decl. Ex. F. On August 29, the reporter told Burford she was preparing a story saying that Doe had hired counsel in the UK to consider bringing claims against Burford and Hall under "revenge porn laws." Goldsmith Decl. Ex. G (Email from T. Kinder to R. Bailhache, timestamped 16:56). The FT eventually reported that Doe's counsel in this prospective litigation was Covington & Burling LLP, the same firm that represented HS3 in the UK in connection with the SAC. Goldsmith Decl. Exs. H, I. Later that day the FT reporter asked Burford for comment on two documents that HS3 had filed in connection with his summary judgment motion. Goldsmith Decl. Ex. G (Email from T. Kinder to R. Bailhache, timestamped 12:40:31 p.m.); ECF Nos. 323-67, 323-68. The FT published its first follow-up story on September 5. Goldsmith Decl. Ex. K. The article noted that Hall had received the USB drive containing HS3's emails at a restaurant in South Beach, a detail made public for the first time in HS3's summary judgment filings. *Id.*; ECF No. 323-60, at 30. HS3 now cites the two FT articles described above and a handful of other stories, all of which appear to be based on the first FT article. ECF No. 340, ¶ 40. On September 17, the *Daily Mail* published an article quoting three documents HS3 had filed with his summary judgment motion. Goldsmith Decl. Ex. J; ECF Nos. 323-62, 323-66, 323-67. Shortly before summary judgment motions were due, HS3 had successfully asked the Court to strike Plaintiffs' designation of one

5

of those documents as Confidential.  ECF No. 307, at 5 (citing BUR_0003433, later filed as ECF No. 323-62).

41. Cited evidence creates no dispute of the facts in paragraph 41.  Dan Sargeant is an owner of Sargeant Bulk Asphalt, which employed Annette Perez.  ECF No. 340-5 (Perez Tr.) at 14:4-14.

42. Cited evidence creates no dispute of the facts in paragraph 42.  HS3 seeks to create a factual dispute by citing paragraphs not supported by evidence cited therein.  RSUF ¶¶ 123, 125.  HS3 improperly relies on an opinion of an expert witness that has not been disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2).  ECF No. 340-14; *see* Mot. to Strike at 2 (filed herewith).

43. HS3 does not dispute that Hall performed his judgment-enforcement work for the benefit of Al-Saleh and Dundrod, which are the parties to the Forward Purchase Agreement.  ECF No. 324-52 (BUR_0003660).  Hall performed his judgment-enforcement work also for the benefit of Burford Capital as a corporate affiliate of Dundrod and Burford UK, ECF No. 323-2 (Will Tr.) at 123:11-124:25; ECF No. 323-8 (BUR_0504784); ECF No. 323-81 (BUR_0003732), and a third-party beneficiary to the Settlement Agreement, ECF No. 328-1 § 22.

44. HS3 does not dispute the facts in paragraph 44.  Cited evidence creates no factual dispute.

45. HS3 does not dispute the facts in paragraph 45.  Cited evidence creates no factual dispute.

46. HS3 does not dispute the facts in paragraph 46.  Cited evidence creates no factual dispute.  HS3 and Mustafa Abu Naba'a jointly and severally owed the judgment and payment obligations to Al-Saleh.

47. Cited evidence creates no dispute of the facts in paragraph 47.  Uncontroverted evidence shows that Hall continued his judgment enforcement investigation after the execution of the Settlement Agreement.  He obtained the USB drive containing the entire content of an email archive in furtherance of Al-Saleh's judgment enforcement efforts.  RSUF ¶ 105.

48. HS3 does not dispute the facts in paragraph 48.  Cited evidence creates no factual dispute.

49. HS3 does not dispute the facts in paragraph 49.  Cited evidence creates no factual dispute.  HS3's evidentiary objections are unfounded.  Will has personal knowledge of the

purpose, objective, and intent of the parties because she reviewed the drafts of the Settlement Agreement and provided input on its negotiations and drafting at the request of Al-Saleh and on behalf of Burford Capital and Dundrod, which were third-party beneficiaries to the Settlement Agreement.  RSUF ¶ 17.

50. Cited evidence creates no dispute of the facts in paragraph 50.  RSUF ¶¶ 40, 45.  HS3's evidentiary objections are unfounded.  *Supra* ¶ 49.

52. The SAC speaks for itself.  It defined the HS3 Material to consist of 278 .msg files that LAIL had produced to HS3.  Cited evidence creates no factual dispute.

53. HS3 does not dispute the facts in paragraph 53.  Cited evidence creates no factual dispute.  HS3 also seeks to create a factual dispute by citing inadmissible evidence.  *Supra* ¶ 6.

54. HS3 does not dispute the facts in paragraph 54.  Cited evidence creates no factual dispute.  HS3 also seeks to create a factual dispute by citing inadmissible evidence.  *Supra* ¶ 6.

58. Cited evidence creates no dispute of the facts in paragraph 58.  HS3 seeks to create a factual dispute by citing paragraphs not supported by evidence cited therein.  RSUF ¶¶ 148, 149.

59. HS3 does not dispute the facts in paragraph 59.  Cited evidence creates no factual dispute.  *See supra* ¶ 58.  HS3's objection to the "characterization of HS3's counsel's intent" is unfounded and not a proper evidentiary objection.

60. HS3 does not dispute the facts in paragraph 60.  Cited evidence creates no factual dispute.

61. HS3 does not dispute the facts in paragraph 61.  Cited evidence creates no factual dispute.

62. HS3 does not dispute the facts in paragraph 62.  Cited evidence creates no factual dispute.

63. HS3 does not dispute the facts in paragraph 63.  Cited evidence creates no factual dispute.  HS3 seeks to create a factual dispute by relying on inadmissible evidence and citing paragraphs not supported by evidence cited therein.  RSUF ¶¶ 87, 109, 139.

64. HS3 does not dispute the facts in paragraph 64.  Cited evidence creates no factual dispute.

65. HS3 does not dispute the facts in paragraph 65.  Cited deposition testimony of Patrick Mooney and HS3 supports the statements.  HS3's objection that they are "merely

conclusory" is meritless.

66. HS3 does not dispute the facts in paragraph 66. Cited evidence creates no factual dispute. Patrick Mooney's affidavit is not based on personal knowledge, fails to set out facts that would be admissible in evidence, and does not show that the declarant is competent to testify to Dan Sargeant's conduct in 2016. ECF No. 323-46; RSUF ¶ 136.

67. HS3 does not dispute the facts in paragraph 67. Cited evidence creates no factual dispute.

69. HS3 does not dispute the facts in paragraph 69. Cited evidence creates no factual dispute.

70 & 71. HS3 does not dispute the facts in paragraphs 70 and 71. Cited evidence creates no factual dispute. HS3 improperly seeks to create a factual dispute by offering a speculative new theory that the "HS3 Email Account" in the SAC could be interpreted to include email archives. The SAC contains no reference to any email archives. ECF No. 1-4 (SAC). Nor does it allege Dan Sargeant accessed any email archives. Uncontroverted evidence shows that the metadata field Date Last Modified provides the date that an .msg file was obtained from an email account, that the Date Last Modified for all 278 .msg files in the HS3 Material was August 28, 2013, and that the HS3 Material thus could not have been obtained from an email account at any time after that date. PSUF ¶¶ 70, 71.

72. HS3 does not dispute the facts in paragraph 72. Cited evidence creates no factual dispute.

73. Cited evidence does not create any dispute of the facts in paragraph 73. HS3 could not have relied on the evidence from discovery in this case in support of his allegations in the SAC. The Preston Affidavit does not support HS3's allegations in the SAC. RSUF ¶ 135; PSUF ¶ 62.

74. HS3 does not dispute the facts in paragraph 74. Cited evidence creates no factual dispute. HS3 could not have relied on the evidence from discovery in this case in support of his allegations in the SAC. It is uncontroverted that HS3 had no evidence at the time he filed the SAC that Hall disseminated the HS3 Material to any particular person.

75. HS3 does not dispute the facts in paragraph 75. Cited evidence creates no factual dispute.

77. HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6.

Cited evidence creates no dispute of the facts in paragraph 77. HS3 gave his password to E. Daniel Rivas and Daniel Sargeant. *Supra* ¶ 16. Rivas was an employee of Sargeant Marine during the time HS3 was an employee of Sargeant Marine. Goldsmith Decl. Ex. B (Rivas Tr.) at 143:13-18.

78 & 79. HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6. Cited paragraphs create no dispute of the facts in paragraphs 78 and 79. *Supra* ¶¶ 6-11.

80. Cited evidence creates no factual dispute. HS3 testified that he did not know whether his own companies, including Global Oil Management, have IT policies, that he has "never paid attention" to that issue, and would not know what such a policy says if there is one. ECF No. 324-3 (HS3 Tr.) 82:24-83:1.

81. HS3 seeks to create a factual dispute by citing inadmissible evidence. *Supra* ¶ 6. Cited evidence creates no dispute of the facts in paragraph 81.

82. HS3 does not dispute the facts in paragraph 82. Cited evidence creates no factual dispute.

83. HS3 does not dispute the facts in paragraph 83. Cited evidence creates no factual dispute.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

1. Denied as phrased. Admitted that Aviva Will testified that Burford Capital "wasn't a party to [the Settlement Agreement], so we were not actively negotiating it. I had obviously an interest in knowing what was going on and being involved, so I was aware of what was going on in the negotiations, but we didn't have outside counsel representing Burford as a party to this." ECF No. 340-10 (Will Tr.) at 65:6-11. Admitted that Will testified that "I gave my opinion, I advised, but [Al-Saleh and his counsel] were the drafters." *Id.* at 66:5-7. At the request of Al-Saleh, Will on behalf of Burford Capital and Dundrod, which were third-party beneficiaries to the Settlement Agreement, reviewed drafts of the Settlement Agreement and provided input on the its negotiation and drafting. RSUF ¶ 17. Admitted that Will testified that "I did not draft the language" of Section 13(b) of the Settlement Agreement. ECF No. 340-10 (Will Tr.) at 89:23. Admitted that Will testified that "I wasn't lawyering this. I wasn't red lining the document so I wasn't reading every line of every document" when the parties exchanged drafts of the Settlement Agreement. *Id.* at 111:17-19. Admitted that Will did not recall any

specific conversation about "why [HS3's] or Mr. Al-Saleh's counsel may or may not have taken [out] or added specific language." *Id.* at 111:23-112:1.

2. Denied. Subject to further proof at trial, the damages sought by Plaintiffs are reasonable. Decl. of Richard H. Critchlow Ex. A at 11-15 (filed herewith).

3. Admitted that when asked at his deposition whether the allegation in the SAC that, "on or about October 28th, 2016, Dan Sargeant and LAIL unlawfully accessed the Sargeant server and the HS3 e-mail account" appeared in his amended counterclaims, HS3 stated, "[t]here's only one way [Hall] can get [the HS3 Material]. That's illegally. . . . [Dan Sargeant] has no rights to that material . . . ." ECF No. 340-2 (HS3 Tr.) at 266:9-267:19. Otherwise, denied.

4. No admissible evidence is cited to support the statement. Subject to foregoing objection, denied that Dan Sargeant sold the HS3 Material for the Ruperti Material. RSUF ¶ 41.

5. Admitted that the prefatory language of the Amendment to the Settlement Agreement contained the phrase, "modifies the Settlement Agreement effective as of October 4, 2016." ECF No. 1-2. Admitted that the Amendment was signed by Al-Saleh, HS3, and Mustafa Abu Naba'a. *Id.* Admitted that Section 5 of the Amendment contained the phrase, "Al-Saleh agrees that upon receipt of the Remaining Settlement Amount the SA Parties will have fully performed their obligations pursuant to the Settlement Agreement and no Actionable Event will have occurred." *Id.* § 5. Otherwise, improper legal conclusions to which no response is required.

6. Improper legal conclusions to which no response is required.

7. Admitted.

8. Admitted.

9. Admitted.

DATED:  September 20, 2019                    Respectfully submitted,

/s/ Samuel A. Danon
Samuel A. Danon (FBN 892671)
Armando Cordoves, Jr. (FBN 112425)
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Tel.: (305) 810-2500
Email: sdanon@HuntonAK.com
Email: acordoves@HuntonAK.com

Derek T. Ho (*pro hac vice*)
Andrew E. Goldsmith (*pro hac vice*)
Minsuk Han (*pro hac vice*)
Christine A. Bonomo (*pro hac vice*)
Jan E. Messerschmidt (*pro hac vice*)
KELLOGG, HANSEN, TODD
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Email:  dho@kellogghansen.com
Email:  agoldsmith@kellogghansen.com
Email:  mhan@kellogghansen.com
Email:  cbonomo@kellogghansen.com
Email:  jmesserschmidt@kellogghansen.com

*Counsel for Plaintiffs Daniel Hall, Burford Capital LLC, and Dundrod Investments Ltd.*