**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 18-cv-80748-ALTMAN/Reinhart

DANIEL HALL,
BURFORD CAPITAL LLC, and
DUNDROD INVESTMENTS LTD.,

      Plaintiffs,

v.

HARRY SARGEANT, III,

      Defendant.

_____/

## **DEFENDANT'S RESPONSE TO THIS COURT'S ORDER REGARDING SEALING**

Defendant, Harry Sargeant, III, ("Defendant" or "HS3"), through undersigned counsel, hereby files this Response to the Court's Order Regarding Sealing [ECF No. 356].

### INTRODUCTION

The documents at issue under seal fall into three categories: (1) filings that should be immediately unsealed, (2) filings that should be refiled with appropriate redactions, and (3) filings that should be kept under seal. Each category is discussed in detail below with specific filing numbers identified.

### DISCUSSION

**1. Filings That Should Be Immediately Unsealed.**

This Court's proceedings are public and Court filings are matters of public record. S.D. Fla. Local Rule 5.4(a). As noted in HS3's earlier motions regarding sealing [ECF Nos. 326, 342], the Eleventh Circuit imposes a heavy burden to seal documents filed in connection with dispositive motions.[1] *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("'The operations of the courts and the judicial conduct of judges are matters of utmost public concern'") (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978)). Material filed in connection with such motions is subject to the public's right of access. *Romero*, 480 F.3d at 1245 ("'material filed in connection with pretrial motions that require judicial resolution of the merits is subject to

---

[1] Documents and other materials either satisfy this standard or they do not. The pendency of the letter request at [ECF No. 349] is therefore immaterial to the analysis.

1

the common-law right'") (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1312 (11th Cir. 2001)); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."). *See also Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.").[2] With limited exceptions, none of the material currently under seal can satisfy this rigorous standard.

There are three sets of filings with exhibits filed under seal that are dispositive case filings: HS3's motion for reconsideration [ECF Nos. 203, 249], HS3's summary judgment filings [ECF Nos. 323, 340], and Plaintiffs' summary judgment filings [ECF Nos. 324, 337]. The exhibits attached to these filings should be immediately unsealed, subject to the caveat below which can be addressed with appropriate redactions. Specifically, Plaintiffs have failed to show that any of these exhibits are the type of trade secrets or commercially sensitive information that would merit sealed treatment. These exhibits all simply evidence the relevant facts at issue at the heart of this dispute.[3]

To determine whether a document to be sealed is a trade secret or commercially sensitive information, the Court looks to four factors, which are whether: (1) the party seeking sealed treatment has consistently treated the information as closely guarded secrets; (2) the information represents substantial value to the party seeking sealed treatment; (3) the information is valuable to the competitors of the party seeking sealed treatment; and (4) the party seeking sealed treatment derives its value by virtue of the effort of the creation and lack of dissemination of the information.

---

[2] The Eleventh Circuit has not articulated an exact standard for sealing documents related to dispositive motions, but it is akin to a "compelling governmental interest for keeping the documents confidential." *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, No. 17-23749, 2017 WL 6622648, at *2 (S.D. Fla. Dec. 22, 2017).

[3] Examples of filings currently sealed under Plaintiffs' confidentiality designation are redacted versions of corporate organization charts showing Burford US, Burford UK, and Dundrod [ECF Nos. 323-6 – 323-9]; Al-Saleh's assignment of judgment [ECF No. 337-6]; a redacted version of the Focus retention agreement whereby Hall started to work on the Al-Saleh case, filed by both parties [ECF Nos. 323-10, 324-14]; and testimony of Hall and Burford US corporate representative [ECF Nos. 323-1, 323-2, 324-15, 324-16, 337-2, 337-3, 340-10, and 340-11].

*Chicago Tribune*, 263 F.3d at 1313.[4]  The party seeking protection must show with specific demonstration the need for such protection.  *See, e.g.*, *United States v. Garrett*, 571 F.2d 1323, 1326 (5th Cir. 1978) ("The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").[5]

Here, Plaintiffs have not presented any "particular and specific demonstration" to support a seal order.  For example, [ECF No. 249] is a memo written by Alex MacInnes-Ostrouch ("AMO memo"), which summarizes a meeting he attended with Hall, Dan Sargeant, Steve Roos, Ed Davis, and Charles Lichtman.  The purpose of the meeting was to explore cooperation between HS3's counterparties in two different litigations, the Mohammad Al-Saleh collection actions and the litigation between HS3 and the Sargeant family.  But the AMO memo does not contain any "trade secret" or commercially sensitive information.  The AMO memo is simply an account of non-privileged discussions between unrelated parties.  Plaintiffs have sought to protect this type of information before under the rationale that "the methods and strategies Burford employs in judgment enforcement generally" would be revealed "by implication."  [ECF No. 227 at 3].  But, other than such "stereotyped and conclusory" allegations that courts have found insufficient to justify sealing, Plaintiffs provide no explanation about how the information is a trade secret.

Indeed, the information in the AMO memo is almost entirely related to HS3.  Any implied asset enforcement "strategies" in the memo are simply common sense.  Further, Burford UK regularly publishes those type of "strategies by implication" publically.  *See, e.g.*, https://www.worldfinance.com/wealth-management/settling-debts-show-all-your-assets Interview with Daniel Hall (May 13, 2015) at 2:21 (Hall states "you have to understand your

---

[4] Thus, this Court denied a motion to seal where the plaintiff failed to show that the client list it sought to seal was treated as a trade secret. *MSP Recovery Claims*, 2017 WL 6622648 at *3.

[5] Thus, this Court found trade secret protection appropriate where Proctor & Gamble submitted a detailed declaration establishing the commercial value of the information, and the competitive disadvantages of disclosure of proprietary research, protocols and methodologies.  *In re Denture Cream Products Liab. Litig.*, No. 09-2051, 2013 WL 214672, at *7 (S.D. Fla. Jan. 18, 2013) (citations omitted).

counterparty, you have to understand what is important to it" and "the challenge is typically understanding where the assets are how they're structured and how one can then pursue them").

Moreover, all of the documents Plaintiffs seek to shield from public view, including the AMO memo, will likely be discussed in open Court during the October 31, 2019, hearing on various motions including the motions for summary judgment. Thus, any "seal" of these documents presents significant logistical issues for counsel and for the Court and could require the courtroom to be closed. *Dorsman v. Glazer*, No. 03-22861, 2004 WL 1368866, at *1 (S.D. Fla. Mar. 10, 2004) ("Cases have been closed on rare occasions where, for example, disclosure of certain information would threaten national security or place an individual in grave physical danger.").

### 2. Filings That Should Be Refiled Unsealed with Appropriate Redactions.

In connection with the above filings, some inadvertent references in the exhibits were made to Jane Doe 1, 2, or 3 using their actual names. The Court can and should protect the identity of these non-parties through appropriate redactions. *See, e.g.*, *Thomas v. Delmarva Power & Light Co.*, No. 15-433, 2016 WL 9685173, at *3 (D. Md. Dec. 12, 2016) (granting motion in employment discrimination action to redact names of non-party employee witnesses and comparators because their "identities . . . are not important to the disposition of this case" and there was a "compelling interest in protecting [their] privacy"); *Am. Friends Servs. Comm. v. City & Cty. of Denver*, No. 02-740, 2004 WL 7334020, at *7-8 (D. Colo. Feb. 19, 2004) (redaction of identifying information of non-party individuals was appropriate because "[n]one of these individuals voluntarily joined the instant lawsuit, or, presumably, expected to be referenced in documents filed with this court," and their privacy interests justified redaction).

As this Court has previously recognized, the privacy interests of Jane Doe 1, 2, and 3 merit protection through appropriate redactions of their names and replacement with "Jane Doe 1/2/3." *See, e.g.*, [ECF No. 269] (granting Jane Doe 1 the right to proceed anonymously for purposes of moving to quash Plaintiffs' subpoena for her testimony). Further, HS3 has already filed excerpts from the same depositions with appropriate redactions for these names. *See, e.g.*, [ECF Nos. 323-40 (Deposition of E. Daniel Rivas); 325-2 (Deposition of Michael McGowan)].

One such filing is [ECF No. 305], filed in connection with Plaintiffs' response to Jane Doe 1's motion to quash Plaintiffs' subpoena for her testimony [ECF No. 285]. This filing contains several documents Plaintiffs used to attempt to show Jane Doe 1's testimony was necessary and

4

proper, but all references to Jane Doe 1 have been redacted. There is one additional reference to Jane Doe 2 that should be redacted, and once refiled with that redaction, this filing can be unsealed.

Thus, the following filings[6] should be refiled unsealed, with appropriate redactions to the names of Jane Doe 1, 2, or 3: ECF Nos. 324-3 (Deposition of HS3), 324-4 (Deposition of Dan Sargeant), 324-7 (Deposition of E. Daniel Rivas), 324-17 (Deposition of Bianca Beam), 324-18 (Plaintiffs' Ex. 24), 324-54 (McGowan's Report), 324-55 (Exhibit A to McGowan's Report); 337 (the unredacted version of Plaintiffs' response to HS3's statement of material facts), and 305 (as noted above).

### 3. Filings That Should Be Kept Under Seal.

Rule 26(c) of the Federal Rules of Civil Procedure permits the Court to protect "a party or person from annoyance, embarrassment, oppression, or undue burden." HS3 has filed several updates on his lead counsel's medical condition [ECF Nos. 164, 238] in connection with motions to amend the trial schedule [ECF No. 161]. These are non-dispositive motions solely for case scheduling purposes to apprise the Court of information related to HS3's lead counsel's medical condition. Further, such private medication information if released could cause HS3's lead counsel potential harm and is the sort of information, if not related to the merits of the case (*e.g.*, personal injury case), that is routinely protected through sealed filings. *See, e.g.*, *Crouch v. City of Hyattsville*, No. 09-2544, 2011 WL 13223694 (D. Md. Aug. 18, 2011) (sealing counsel's medical records submitted in connection with an extension motion).

## CONCLUSION

For the reasons stated above, the Court should order the unsealing of all exhibits to dispositive motions, the redactions of references to third parties Jane Doe 1, 2, or 3, and maintain the sealing as to the updates of HS3's lead counsel's medical condition.

---

[6] The filings are denoted by their original filing number as opposed to the filing number when filed under seal, which is not available to the parties after filing.

Dated: September 30, 2019                    Respectfully submitted,

                                             */s/ Melissa B. Coffey*

Ryon M. McCabe                               Christopher M. Kise
Fla. Bar No. 9075                            Fla. Bar No. 855545
rmccabe@mccaberabin.com                      Melissa B. Coffey
Adam T. Rabin                                Fla. Bar No. 84090
Fla. Bar No. 985635                          Kathryn T. Williams
arabin@mccaberabin.com                       Fla. Bar. No. 112191
Lauren E. Johnson                            Joshua M. Hawkes
Fla. Bar No. 112027                          Fla. Bar No. 112539
ljohnson@mccaberabin.com                     **FOLEY & LARDNER LLP**
**MCCABE RABIN, P.A**.                       106 East College Avenue, Suite 900
1601 Forum Pl Ste. 201                       Tallahassee, FL 32301-7732
West Palm Beach, FL 33401-8102               Tel: (850) 222-6100
Office: 561-659-7878                         Fax: (850) 561-6475
                                             Email: ckise@foley.com
                                             Email: mcoffey@foley.com
                                             Email: jhawkes@foley.com

                                             Gregory W. Coleman
                                             Florida Bar No. 846831
                                             gcoleman@lawclc.com
                                             **CRITTON, LUTTIER & COLEMAN, LLP**
                                             303 Banyan Blvd., Suite 400
                                             West Palm Beach, FL 33401
                                             Telephone: (561) 842-2820
                                             Facsimile: (561) 844-6929
                                             *Counsel for Defendant Harry Sargeant, III*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2019, I served the foregoing document electronically via the CM/ECF system on all parties identified on the attached Service List.

By: */s/ Joshua M. Hawkes*
Joshua M. Hawkes

## SERVICE LIST

Derek T. Ho
dho@kellogghansen.com
Andrew E. Goldsmith
agoldsmith@kellogghansen.com
Jan E. Messerschmidt
jmesserschmidt@kellogghansen.com
Christine A. Bonomo
cbonomo@kellogghansen.com
Minsuk Han
mhan@kellogghansen.com
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK: P.L.L.C**
1615 M Street, N.W., Suite 400
Washington, DC 20036

Samuel A. Danon
sdanon@HuntonAK.com
mplantada@huntonak.com
Armando Cordoves, Jr
acordoves@huntonak.com,
avaldes@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2510
Facsimile: (305) 810-2460
*Attorneys for Plaintiffs*