

URGENT: Sealed documents in Hall v Sargeant
Lucy White
to:
altman@flsd.uscourts.gov
09/30/2019 05:44 AM
Hide Details
From: Lucy White <Lucy.White@dailymail.co.uk>
To: "altman@flsd.uscourts.gov" <altman@flsd.uscourts.gov>
History: This message has been forwarded.

Lucy White<br>
City Desk, The Daily Mail<br>
Northcliffe House<br>
Derry Street<br>
London<br>
W8 5TT

Judge Roy K. Altman
US Federal Building and Courthouse
299 East Broward Boulevard
Fort Lauderdale
Florida 33301

September 27 2019

Dear Judge Altman,

This letter is sent on behalf of Associated Newspapers Ltd., which publishes the Daily Mail in London.

I apologise that my letter has come so late, but we respectfully request this Court's permission to submit this letter objecting to the sealing of records in this case:
*Hall et al. V. Harry Sargeant, III*
*Case Number: 9:18-cv-80748-RKA*


EEOC v. National Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998) (federal rules permit third parties to intervene "for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order."); see also Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) (allowing non-party to intervene to challenge protective order); Phoenix Newspapers v. District Court, 156 F.3d 940, 944 (9th Cir. 1998) (newspaper challenged restrictions on access to court records and proceedings).

Both the U.S. Constitution and common law provide the public and the press with a presumptive right of access to court records and proceedings.  The "presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  Records are presumptively public when they are filed with the court in connection with a "motion [that] is more than tangentially related to the merits of a case."  Id. at 1101.

As a consequence, the sealing of court records related to substantive motions must meet strict constitutional and common law standards, including showing a "compelling" interest that requires the records to be sealed.  Center for Auto Safety, 809 F.3d at 1102. See also Kamakana, 447 F.3d at 1179 (compelling reasons standard applies to sealing of records attached to summary judgment motion); San Jose Mercury News, 187 F.3d at 1102 (same).

The party seeking to keep a record under seal "bears the burden of overcoming this strong presumption" in favour of access by articulating "compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favouring disclosure, such as the public interest in understanding the judicial process."  Kamakana, 447 F.3d at 1178-79 (quotations omitted).

The "court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret," and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Id. at 1179 (quotations and alterations omitted).

See also Oregonian Publishing Co. v. District Court, 920 F.2d 1462, 1466–67 (9th Cir. 1990) ("the public is entitled to a presumption of entitlement to disclosure.  It is the burden on the party seeking closure … to present facts supporting closure and to demonstrate that available alternatives will not protect his rights."); Leigh v. Salazar, 677 F.3d 892, 900 (9th Cir. 2012) (proponent of sealing must demonstrate "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest") (quotation omitted).

The presumptive right of access applies to video exhibits as well as to other types of court records.  See Valley Broadcasting Co. v. District Court, 798 F.2d 1289, 1295 (9th Cir. 1986) (right of access applied to video and audio tapes introduced into evidence at trial). See also Courthouse News Service v. Planet, 750 F.3d 776, 786 (9th Cir. 2014) (First Amendment-based right of access "extends to civil proceedings and associated records and documents").

I believe there is a strong public interest in this information being made available.

Along with colleagues at other publications, I have been reporting closely on the court proceedings involving the above-named parties.

Already these reports have uncovered matters which deeply affect a wide range of retail investors with exposure to the parties, as well as other members of the public who have come into contact with Burford Capital and its employees.

I can be reached at lucy.white@dailymail.co.uk, or on 0044 203 615 1526.

Yours sincerely,
Lucy White


Lucy White
Banking and City reporter
**Daily Mail**
Northcliffe House, 2 Derry Street, London, W8 5TT
Tel: 0203 615 1526
Twitter: @LucyGJWhite
www.dailymail.co.uk/money/


## Disclaimer

This e-mail and any attached files are intended for the named addressee only. It contains information, which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Associated Newspapers Ltd. Registered Office: Northcliffe House, 2 Derry St, Kensington, London, W8 5TT. Registered No 84121 England.