UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80748-CIV-ALTMAN/REINHART

DANIEL HALL, et al.,

        Plaintiffs,

vs.

HARRY SARGEANT III,

        Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO UNSEAL DOCUMENTS (DE 349, 363)

This matter is before me on an Order of Referral from the Hon. Roy K. Altman. DE 374. On September 12, 2019, a reporter from the Financial Times wrote to Judge Altman asking that "all sealed documents" in this case be unsealed. DE 349. Two weeks later, a different reporter wrote to Judge Altman to object to "the sealing of records in this case." DE 363. Judge Altman directed the parties to respond to these communications. I have considered the media requests to unseal documents and the parties' filings related to those requests. DE 360, 362. I have also conducted a *sua sponte* review of the docket filings.

### LEGAL STANDARDS

There is "a general presumption that criminal and civil actions should be conducted publicly . . . includ[ing] the right to inspect and copy public records and documents." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001); *see also* S.D. Fla. Local Rule 5.4(a) ("Unless otherwise prohibited by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public

record."). The Eleventh Circuit makes a distinction between materials filed in relation to motions to compel discovery and materials filed on merits-related motions (such as motions to dismiss or motions for summary judgment). "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune Co.,* 263 F.3d at 1312 & n. 11 (footnote symbol omitted); *see Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access").

> The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." "[W]hether good cause exists ... is ... decided by the nature and character of the information in question." In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

*Romero,* 480 F.3d at 1246 (citations omitted) (brackets in original). There is a lesser right of access for court filings "less central to merits resolutions." *Id.*

Separately, Rule 26(c) of the Federal Rules of Civil Procedure permits the Court to protect "a party or person from annoyance, embarrassment, oppression, or undue burden," including by requiring that "confidential . . . commercial information . . . be revealed only in a specified way." This authority includes the ability to order that documents filed with the Court be kept under seal. *See Chicago Tribune Co.*, 263 F.3d at 1313.

2

Finally, on February 27, 2019, I entered a Confidentiality Order which allowed each party to designate certain discovery material as "confidential." DE 111 at ¶ 1. Pursuant to that order, if any party wanted to file a "confidential" document with the Court, the party had to first seek to file it under seal. *Id.* at ¶ 9. The Confidentiality Order contained a provision under which either side could challenge a "confidentiality" designation. *Id.* at ¶ 3.

## THE SEALED DOCUMENTS

Because the media requests seek to unseal all documents in this case, I will review each document that remains under seal. As instructed by the Eleventh Circuit, I divide the currently-sealed documents into two categories.

*Documents related to discovery matters*

On March 12, 2019, Defendant filed a Motion to Compel Discovery and Forensic Examination of Electronic Devices. DE 141. Related to that discovery motion, they sought to seal certain documents that had been designated as "confidential" under the applicable Confidentiality Order. DE 135 (motion to seal); DE 111 (confidentiality order). The documents in question comprise emails among Hall, representatives of Burford, and their counsel. DE 142-1 through 142-4. Judge Bloom granted the motion to seal. DE 138. Document 142 is a sealed Notice of Sealed Filing.

On March 11, 2019, I held a discovery hearing at which I ordered Plaintiff to submit 13 pages of documents for *in camera* review. DE 132, 133. Those documents are filed under seal at DE 143.

On March 13, 2019, I held a discovery hearing and made multiple rulings. DE 145. Defendant filed objections to some of those rulings. DE 156. He moved to seal Exhibit 2 to those objections, which was the transcript of the deposition of Aviva Will. *Id.* That deposition

3

transcript had been designated as "confidential" under the Confidentiality Order.  *Id.*[1]  Judge Bloom granted the motion to seal the exhibit.  DE 158.  The exhibit was filed under seal as DE 159-1; DE 159 is the sealed Notice of Sealed Filing.

On April 17, 2019, the parties filed a joint discovery report, which asked the Court to resolve several discovery disputes.  DE 181.  By separate motion, Defendant sought leave to file several exhibits to the joint discovery report under seal.  DE 182.   I held a discovery hearing on April 18, at which I reserved ruling on the Motion to Seal.  DE 190.  I subsequently ruled that one of the exhibits (a spreadsheet of information extracted from a USB drive that Daniel Sargeant gave to Daniel Hall) could be filed under seal but that other exhibits should be redacted and filed in the public record.  DE 209.   The spreadsheet was filed under seal on May 17, 2019 (DE 218-1), along with a sealed Notice Of Sealed Filing.  DE 218

On May 10, 2019, Defendant filed supplemental briefing in support of his objections to my March 13 rulings.  DE 212.  He moved to seal two exhibits referenced in the supplemental briefing.  DE 215.  Here, again, HS3 asked to file them under seal because they had been marked as "confidential" under the confidentiality order, although he noted his disagreement with this designation.  *Id.*  Judge Altman granted the Motion to File Exhibits Under Seal.  DE 244.  Document 248 is the sealed Notice of Filing the materials under seal.  The sealed materials are filed at DE 248-1 and 248-2.  They comprise excerpts from Daniel Hall's deposition and emails among Daniel Hall, Daniel Sargeant, and Andrew Preston.

On June 25, 2018, non-party Jane Doe moved to quash a subpoena issued by Plaintiffs that required her to be deposed.  DE 269.  Plaintiffs filed a Response in Opposition to the Motion

---

[1] Defendant noted that he did not agree with the confidentiality designation, but was seeking to file the exhibit under seal to comply with the Confidentiality Order.  DE 156 at ¶ 3.

to Quash. DE 285. They also moved to seal certain exhibits to the Response. DE 286. The exhibits were described as (1) "emails sent to or from Doe, or referring to her, that reveal the type of personal information the Court has previously permitted to filed under seal," (2) excerpts from the deposition of Daniel Sargeant that had been designated as confidential under the Confidentiality Order. DE 286. I granted the Motion to Seal. DE 298. Document 305 is a sealed Notice of Sealed Filing. The exhibits were filed as DE 305-1 through 305-10.

*Documents related to substantive pretrial motions*

1. **Documents relating to counsel's health**

The following sealed documents relate to motions to modify the scheduling order because of Plaintiffs' lead counsel's health issues:

- DE 164 (sealed notice of filing sealed document, DE 164-1 (sealed document); *see also* DE 162 (motion to seal), DE 163 (order to seal).

- DE 238 (sealed notice of filing sealed document, DE 238-1 (sealed document); *see also* DE 234 (motion to seal), DE 236 (order to seal).[2]

---

[2] In support of his Motion for Extension of Time (DE 205), Defendant filed a motion to seal an exhibit consisting of counsel's medical information. DE 206. The motion to seal was granted. DE 220. There is no record in the docket that the sealed exhibit was filed.

5

### 2. Exhibits to Motions for Summary Judgment and Statements of Undisputed Facts

On March 26, 2019, I granted Plaintiffs' motion to dismiss Defendant's counterclaims. DE 155. Defendant filed a Motion to Reconsider. DE 203. By separate motion, Defendant sought to file under seal several exhibits to the Motion to Reconsider. DE 204. The Motion to Seal represented that Defendant was seeking to file the exhibits under seal because Plaintiffs had designated the exhibits as "confidential" pursuant to the Confidentiality Order. *Id.* I took the motion to seal the exhibits under advisement and directed Plaintiffs to identify whether any of the exhibits could be filed in redacted format. DE 208. In their Response, Plaintiffs withdrew their request to have two of the exhibits sealed; they also agreed that redacted versions of other documents could be filed. DE 227. They persisted in requesting that one exhibit be filed under seal. That document is "a memorandum describing a meeting in which Hall, Daniel Sargeant, and others discussed Burford's judgment collection efforts against HS3 (and, to a lesser extent, Wilmer Ruperti). *Id.* at 3. "The memorandum includes numerous non-public details of HS3's businesses and, by implication, reveals the methods and strategies Burford employs in judgment enforcement generally." *Id.* I found good cause to seal this document, which discloses confidential private business methods that are not central to the claims or defenses in this action. DE 232 (unsealed order granting motion to seal). It was filed under seal as Document 249-1, along with a sealed Notice of Sealed Filing. DE 249.

On August 19, 2019, Defendant filed his Motion for Summary Judgment (DE 320), and a corresponding Statement of Material Facts. DE 323. By separate motion, Defendant sought to seal eight exhibits to its Statement of Material Facts. DE 326. Defendant represented that the exhibits had been marked "Confidential" by Plaintiffs, so Defendant was moving to file the exhibits under seal to comply with its obligations under the Confidentiality Order. *Id.*

Nevertheless, Defendant argued that the exhibits should not sealed. *Id.* By sealed order dated August 28, 2019, Judge Altman granted the Motion to Seal. DE 329. The exhibits were filed under seal as Documents 334-1 through 334-14. A sealed Notice of Sealed Filing was filed as Document 334.

On August 20, 2019, Plaintiffs filed their Motion for Summary Judgment (DE 321), and a corresponding Statement of Material Facts. DE 324. By separate motion, they sought to seal 17 exhibits to their Statement of Material Facts. DE 322. Plaintiffs represented that the exhibits had been marked "Confidential" by the parties, so Plaintiffs were moving to file the exhibits under seal to comply with their obligations under the Confidentiality Order. *Id.* By sealed order dated August 28, 2019, Judge Altman granted the Motion to Seal. DE 329. The exhibits were filed under seal as Documents 333-1 through 333-18. A sealed Notice of Sealed Filing was filed as Document 333.

On September 6, 2019, Defendant filed his Response to Plaintiffs' Motion for Summary Judgment and Statement of Material Facts. DE 340, 341. By separate motion, Defendant moved to seal two exhibits that Plaintiff had designated as "confidential." DE 342. Defendant argued that the exhibits did not satisfy the standard for a sealed pleading, but nevertheless sought to file them under seal in order to comply with Defendant's obligation under the Confidentiality Order. *Id.* By sealed order dated September 11, 2019, Judge Altman granted the Motion to Seal the exhibits. DE 345. The exhibits were filed under seal at Documents 348-1 and 348-2. A sealed Notice of Sealed Filing was filed as Document 348.

On September 6, 2019, Plaintiffs filed their Response to Defendant's Motion for Summary Judgment and Statement of Material Facts. DE 337, 339. By separate motion, Plaintiffs moved to seal eight exhibits that had been designated as "confidential." DE 338. By

7

sealed order dated September 11, 2019, Judge Altman granted the Motion to Seal the exhibits. DE 345. The exhibits were filed under seal at Document 347 through 347-9. There was no corresponding Notice of Sealed Filing.

## **DISCUSSION**

Defendant now argues that all of the attachments to his Motion to Reconsider as well as the attachments to the parties' Motions for Summary Judgment and Statements of Material Fact should be unsealed, either in full or with redactions. DE 362. Defendant agrees that the pleadings related to counsel's medical condition should remain under seal. *Id.* Plaintiff argues that this Court should not reconsider its prior rulings that documents be filed under seal or, in the alternative, argues that sealing is correct on the merits. DE 360.

I agree with Plaintiffs. For each of the sealed documents listed above, the Court was aware of the standard for sealing, and was specifically aware (in most cases) that Defendant believed that standard had not been met. Therefore, the current issue before me is properly viewed as a request to reconsider the prior sealing orders by me, Judge Bloom, and Judge Altman.

Reconsideration is "an extraordinary remedy which must be used sparingly." *Guevara v. NCL (Bahamas) Ltd.*, No. 15-24294-CIV, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017) (J. Williams) (citation omitted). "Moreover, a motion for reconsideration should not be used as a 'vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.'" *Compagnoni v. United States*, No. 94-0813-CIV, 1997 WL 416482, at *1 (S.D. Fla. May 13, 1997) (J. Marcus) (citation omitted), *aff'd,* 173 F.3d 1369 (11th Cir. 1999). There are only three bases for granting a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or

8

prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (J. Gold).  Neither the media requestors nor Defendant identifies any change in controlling law or new evidence since the sealing orders were entered.

Upon further review, the Notices of Sealed Filing and the Sealed Orders granting the Motions to Seal do not meet the standard for sealing.  They do not contain sensitive or proprietary information, nor do they disclose the content of the corresponding sealed documents.  As to the remaining sealed documents, there has been no showing of clear error or manifest injustice, even for those documents for which a common right of access exists.

## **CONCLUSION**

Accordingly, it is **ORDERED** that the following documents shall be **UNSEALED**:

DE 142

DE 159

DE 164

DE 218

DE 238

DE 248

DE 249

DE 305

DE 329

DE 333

DE 334

DE 345

DE 348

The following documents shall **REMAIN UNDER SEAL**:

DE 142-1 through 142-4

DE 143

DE 159-1

DE 164-1

DE 218-1

DE 238-1

DE 248-1 and 248-2

DE 249-1

DE 305-1 through 305-10

DE 333-1 through 333-18

DE 334-1 through 334-14

DE 347 through 347-9

DE 348-1 and 348-2

To permit the parties to object to the unsealing of currently-sealed documents, this Order shall be **STAYED** until further Order of the Court or **December 31, 2019 at 9:00 a.m.**, whichever comes first.

**DONE AND ORDERED** in Chambers this 11th day of December, 2019, at West Palm Beach in the Southern District of Florida.

_____

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE