UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80748-ALTMAN/REINHART

DANIEL HALL,
BURFORD CAPITAL LLC, and
DUNDROD INVESTMENTS LTD.,

    Plaintiffs,

v.

HARRY SARGEANT, III,

    Defendant.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE JUDGE'S ORDER ON MOTIONS TO UNSEAL DOCUMENTS**

Plaintiffs Daniel Hall, Burford Capital LLC ("Burford Capital"), and Dundrod Investments Ltd. ("Dundrod"), by and through their undersigned counsel, hereby respond to Defendant Harry Sargeant, III's objections to Magistrate Judge Reinhart's order granting in part and denying in part motions to unseal documents, ECF No. 384 (the "Objections"). As set forth below, the Court should overrule Defendant's Objections.

## BACKGROUND

Throughout this case, the Court has required the parties to establish good cause to file documents under seal. *See*, *e.g.*, Order, ECF No. 208 (May 9, 2019) (ordering Plaintiffs to submit brief in support of motion to seal and citing common law right-of-access standard); Hr'g Tr. at 68:18-21, ECF No. 224 (Apr. 19, 2019) ("Apr. 19 Tr.") ("It is not a question of whether it is confidential or not. Now we are in a different world. Confidential is between you all. Sealed is between the court and the world."). The Court has issued at least 10 separate rulings on the parties' motions to seal. *See* ECF Nos. 138 (Mar. 12, 2019), 158 (Apr. 2, 2019), 163 (Apr. 4, 2019), 209 (May 9, 2019), 232 (May 29, 2019), 236 (May 31, 2019), 244 (June 10, 2019), 298 (July 11, 2019), 329 (Aug. 28, 2019), 345 (Sept. 20, 2019). On September 6, 2019, a reporter wrote to the Court objecting to those orders to the extent they had granted sealing. *See* ECF No.

349.  The Court directed the parties to respond to the reporter's letter, and they did so.  *See* ECF Nos. 356 (Sept. 22, 2019), 360, 362.  Shortly thereafter, the Court docketed a letter from a second reporter, similar to the first.  ECF No. 363.

On November 27, 2019, this Court referred the reporters' requests to Judge Reinhart "to take all necessary and proper action as required by law."  ECF No. 374.  On December 12, 2019, Judge Reinhart entered an order granting in part and denying in part the motions to unseal documents.  ECF No. 379 (the "Unsealing Order").  After a detailed review of the docket and the Court's prior rulings, *see id.* at 3-8, Judge Reinhart viewed the issue before him "as a request to reconsider the prior sealing orders," because at the time of the prior orders, "[f]or each of the sealed documents . . . , the Court was aware of the standard for sealing, and was specifically aware (in most cases) that Defendant believed that standard had not been met," *id.* at 8.  The Unsealing Order affirmed the Court's prior rulings, except as to 13 documents that Judge Reinhart concluded did not warrant sealing.  *Id.* at 9-10.

On December 26, 2019, Defendant lodged his Objections to the Unsealing Order, challenging (at 10-14) the sealing of ECF No. 249-1, a document filed in connection with his motion to reconsider the dismissal of his counterclaims, and challenging (at 15-16) the sealing of ECF Nos. 331-1 through -18, 334-1 through -14, 347 through 347-9, 348-1, and 348-2, documents filed in connection with the parties' motions for summary judgment.  *See* Objections at 2.  The reporters who previously wrote to the Court have not objected to the Unsealing Order.

## LEGAL STANDARD

The Court may modify the Unsealing Order only if it "is clearly erroneous or is contrary to law," because it addressed "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a).  Defendant argues (at 4) that the Unsealing Order was "dispositive" and, therefore, is subject to *de novo* review because it resolved the reporters' requests.  But an order on any motion is dispositive of that motion.  That is not the standard.  Courts have recognized that magistrate judges' orders on motions regarding sealing are subject to clear error review because they are "not dispositive *of a party's claim or defense*" as contemplated by Rule 72(a).  *See Ciba Specialty Chems. Corp. v. Tensaw Land & Timber Co.*, 2006 WL 680561, at *2 (S.D. Ala. Mar. 16, 2006); *Grand v. Schwarz*, 2018 WL 1604057, at *2 (S.D.N.Y. Mar. 28, 2018); *Huffman v. Allred*, 2011 WL 5864048, at *1 n.1 (D. Col. Nov. 22, 2011).  The cases Defendant cites (at 4-5) addressing other types of motions are inapposite.

2

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is "clearly erroneous" only if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.* at 1350-51 (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 565 (1985)).

Under Eleventh Circuit law, "material filed with discovery motions is not subject to the common-law right of access [to judicial proceedings], whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). Even when the right applies, however, a party's interest in non-disclosure may outweigh it. *Id.* The constitutional right of access to discovery materials pursuant to the First Amendment is coextensive with Federal Rule of Civil Procedure 26(c), which permits documents to be maintained under seal on a showing of "good cause." *Id.* at 1310.

## ARGUMENT

### I. Judge Reinhart Properly Considered the Media Requests as Motions for Reconsideration of This Court's Prior Orders on Motions to Seal

Judge Reinhart properly treated the media requests as motions for reconsideration because the requests raised the same issues the Court had addressed in its prior orders on motions to seal. *See* Unsealing Order at 8 ("For each of the sealed documents . . . , the Court was aware of the standard for sealing, and was specifically aware (in most cases) that Defendant believed that standard had not been met.").

Defendant argues (at 8) that the requests did not seek reconsideration because "the media, not the parties, requested access, and the Court, not the parties, requested briefing on those media requests." But Defendant provides no authority or explanation for why a non-party's request that a court revisit its prior rulings should be treated differently from a party's request for the same relief, or why it matters that the Court directed the parties to respond to the first reporter's letter.

Defendant also argues (at 8) that "issues regarding the propriety of sealing documents filed in connection with dispositive motions have never been considered." But Judge Reinhart noted in the Unsealing Order that he *had* considered those precise issues each time he ordered sealing. *See* Unsealing Order at 6-8. In addition, several of the motions requesting sealing set out the applicable standard, eliminating any doubt that the relevant issues were before the Court. *See* Pls.' Mem. Regarding Sealing at 1-2, ECF No. 227 ("Pls.' Sealing Br.") (discussing

3

applicable standard for sealing of document later filed at ECF No. 249-1); Def.'s Unopp. Mot. to File Under Seal Exs. to Def.'s Mot. for Summ. J. at 1, ECF No. 326 (discussing applicable standard for sealing of documents later filed at ECF Nos. 334-1 through -14); Def.'s Unopp. Mot. to File Under Seal Exs. to Def.'s Mot. for Summ. J. at 1, ECF No. 342 (discussing applicable standard for sealing of documents later filed at ECF Nos. 348-1 and 348-2).

## II.     Judge Reinhart Did Not Clearly Err In Denying the Requests to Unseal

A motion for reconsideration is properly denied where it "does not present new facts or new law or direct the Court's attention to anything it may have overlooked or misapprehended." *Paz v. Seterus, Inc.*, 2016 WL 3948058, at *2 (S.D. Fla. May 12, 2016).  After a detailed review of the docket, Judge Reinhart identified 13 documents that he found did not meet the standard for sealing and ordered them to be unsealed.  Unsealing Order at 8.  As to the remaining sealed documents, Judge Reinhart affirmed the Court's prior rulings on sealing.  *Id.* at 9.  Largely repeating the same document-by-document arguments the Court already has considered and ruled on, *compare* Objections at 10-16, *with* ECF Nos. 326 at 2-5, 362 at 3-4, Defendant has not shown that Judge Reinhart clearly erred.

   **1.**     Regardless of the standard of review, there is no basis for unsealing ECF No. 249-1, Exhibit E to Defendant's motion for reconsideration of the Court's dismissal of his amended counterclaims, ECF No. 203.

In *Chicago Tribune Co.*, 263 F.3d at 1308-09, the Eleventh Circuit considered a motion by non-party reporters to unseal certain documents filed in connection with a motion for summary judgment that the district court had previously denied.  The Eleventh Circuit held (i) that there is no common-law right of public access to documents filed with discovery motions, (ii) that such a right applies to documents filed with motions requiring judicial resolution of the merits, but (iii) that, even when the right applies, it is not absolute.  *See id.* at 1312.  These distinctions recognize that "the presumption in favor of public access varies depending on the 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *[Redacted] v. [Redacted]*, 2018 WL 3831340, at *2 (M.D. Ga. Aug. 10, 2018) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (cited in *Chicago Tribune Co.*, 263 F.3d at 1313 n.11)).[1]  Accordingly,

---

[1] *See also FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 70-71 (11th Cir. 2013) ("The common-law right of access to federal courts is designed to promote public understanding of significant public

4

court filings "fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo*, 71 F.3d at 1049. There is little need for public access to documents that "bear[ ] only a marginal relationship to the performance of Article III functions." *Id.* at 1052.

Given these principles, there is no public right of access to ECF No. 249-1 because that document was irrelevant to the Court's decision on Defendant's motion for reconsideration of the dismissal of his counterclaims. The Court disregarded Defendant's invocation of documents obtained in discovery – such as ECF No. 249-1 – because "the Court rejected *as a matter of law*" the theories underlying Defendant's counterclaims. Order Denying Def.'s Mot. for Recons. at 3, ECF No. 246 (June 11, 2019). The Court thus did not consider ECF No. 249-1, and it is not subject to the public's common-law right of access. *See Citicorp v. Interbank Card Ass'n*, 478 F. Supp. 756, 766 (S.D.N.Y. 1979) (holding that disclosure was not required because court did not "refer to confidential materials in order to rule on the combined motions now before it").

**2.** Defendant's assertion (*e.g.*, at 6-7) that documents filed in connection with the parties' motions for summary judgment are presumptively public under the *Chicago Tribune Co.* standard is at best premature, because – unlike in *Chicago Tribune Co.* – those motions remain pending. It is therefore impossible to know whether the documents will be relevant to the Court's eventual rulings. Indeed, on December 26, 2019, the Court referred the case to Judge Reinhart for a settlement conference, which has been scheduled for January 23, 2020. *See* ECF Nos. 383, 387 (Dec. 31, 2019). The motions may therefore never be decided at all. There is no public right to access documents filed in connection with motions that are never decided.

**3.** Even assuming that the Court will decide the summary judgment motions, and that the Court will rely on the documents at issue here in doing so, Judge Reinhart did not clearly err in denying the reporters' motions for reconsideration of the Court's prior sealing orders.

Defendant contends (at 7-8 & n.8) that the Court's prior rulings were erroneous – and thus that Judge Reinhart's refusal to reconsider them was clearly erroneous – because the Court's original review had been limited to "the propriety of the [confidentiality] designations." But the

---

events, including *what a court does and how a court goes about adjudicating cases*.") (emphasis added); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) (noting that rationale for public access is that a court's "action on a motion" is a matter "which the public has a right to know about and evaluate") (cited in *Chicago Tribune Co.*, 263 F.3d at 1311 & n.7) (citation omitted).

5

Court's review was not so limited.  On multiple occasions, Judge Reinhart reminded the parties that sealing is different from designating discovery materials confidential and required the parties to show good cause for sealing.  For instance, by an order dated May 9, 2019, Judge Reinhart stated that "[i]t is this Court's general policy that its proceedings are public and Court filings are matters of public record.  A party seeking to seal materials must establish good cause."  ECF No. 208 (citing S.D. Fla. L.R. 5.4(a); *Chicago Tribune Co.*, 263 F.3d at 1312-13).  At the April 19, 2019 discovery hearing, Judge Reinhart stated that "[sealing a document] is not a question of whether it is confidential or not.  Now we are in a different world.  Confidential is between you all.  Sealed is between the court and the world."  Apr. 19 Tr. at 68:18-21; *see id.* at 70:9-13 ("I will give the parties time to examine this issue not in the context of . . . what the confidentiality agreement says, but in the context of the court's rules as it relates to sealed documents . . . .").[2]  As Judge Reinhart correctly recognized, "the Court was aware of the standard for sealing" and properly ruled on the parties' motions for sealing throughout the case.  *See* Unsealing Order at 8.

Defendant also argues (at 10) that Judge Reinhart clearly erred because "Plaintiffs offered no evidence to justify sealed treatment."  That is wrong.  Plaintiffs have sufficiently demonstrated good cause to justify the sealed status of the documents at issue.  For example, with respect to ECF No. 249-1, Plaintiffs showed that the disclosure of the document would "reveal[] the methods and strategies Burford employs in judgment enforcement generally" and "harm Burford by educating both adversaries and competitors, thereby reducing Burford's effectiveness in future cases and its competitive advantages in the marketplace."  *See* Pls.' Sealing Br. at 3.  Courts routinely grant motions to seal confidential business information.  *See, e.g.*, *Pinnacle Towers LLC v. Airpowered, LLC*, 2015 WL 5897524, at *2 (M.D. Fla. Oct. 7, 2015) (granting motion to seal licensing agreements because they contained "proprietary information" that would harm party's "commercial interest and competitive standing" if made public); *Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, 2015 WL 149984, at *2-3 (N.D. Ga. Jan. 12, 2015) (granting motions to seal exhibits because they contained "confidential business information," "confidential business transactions," or "confidential business strategy"); *Graphic Pkg. Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) (granting motion to seal documents as confidential and proprietary business strategy).  Defendant

---

[2] Judge Reinhart's view has thus been consistent with the principles the Court noted at the November 21, 2019 motion hearing.  *See* ECF No. 384-1 at 7:4-19.

6

has failed to show that Judge Reinhart's Unsealing Order with respect to that document or the others at issue was clearly erroneous or contrary to law.

4. Notwithstanding all of the above, Plaintiffs do not object to unsealing the following documents:

***ECF Nos. 333-15, 347-6, 347-7.*** Plaintiffs have already filed copies of these documents on the public docket as ECF Nos. 361-1 through -3, after identifying them as having been filed under seal in error, as set forth in their response to the media request, ECF No. 360 at 4.[3]

***ECF Nos. 334-2, 334-3.*** In his Objections (at 12), Defendant points out for the first time that copies of these documents have been filed on the public docket as attachments to another document, ECF No. 340-12.

***ECF No. 347-1.*** Plaintiffs filed under seal a declaration accompanying the documents being filed under seal because the CM/ECF system necessarily seals the main document to which other exhibits are attached when filed using the "Sealed Document (Restricted)" option.

5. In his Objections, Defendant improperly discusses (at 16) documents filed under seal after Judge Reinhart's issuance of the Unsealing Order. In a separate order, this Court granted a motion to seal those documents. ECF No. 381-1 (Dec. 19, 2019). That order is not properly before the Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Defendant's Objections to Judge Reinhart's order granting in part and denying in part the motions to unseal documents, ECF No. 384, except that Plaintiffs have no objection to unsealing the following documents: ECF Nos. 333-15, 334-2, 334-3, 347-1, 347-6, and 347-7.

---

[3] In their response dated September 30, 2019, Plaintiffs cited ECF No. 333-14 in error. *See* ECF No. 360 at 4 n.10. Plaintiffs filed ECF No. 324-50, which had been filed under seal at ECF No. 333-15, on the public docket at ECF No. 361-1. *See* ECF No. 361.

DATED: January 9, 2020                          Respectfully submitted,

                                                   */s/ Samuel A. Danon*
                                                   Samuel A. Danon (FBN 892671)
Armando Cordoves, Jr. (FBN 112425)
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Tel.: (305) 810-2500
Email: sdanon@HuntonAK.com
Email: acordoves@HuntonAK.com

Derek T. Ho (*pro hac vice*)
Andrew E. Goldsmith (*pro hac vice*)
Minsuk Han (*pro hac vice*)
Christine A. Bonomo (*pro hac vice*)
Jan E. Messerschmidt (*pro hac vice*)
KELLOGG, HANSEN, TODD
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Email: dho@kellogghansen.com
Email: agoldsmith@kellogghansen.com
Email: mhan@kellogghansen.com
Email: cbonomo@kelogghansen.com
Email: jmesserschmidt@kellogghansen.com

*Counsel for Plaintiffs Daniel Hall, Burford Capital LLC, and Dundrod Investments Ltd.*